HIRAM A. WATERMAN ET AL., APPELLEES, v. HARRY B.
STOUT, IMPLEADED WITH GEORGE W. HOLDREGE
ET AL., APPELLANTS.

FILED NOVEMBER 21, 1893.   No. 5216.

1. **Mechanics' Liens:** CONTRACT BY TENANT FOR LABOR AND
MATERIAL.   The mechanic's lien law requires that a contract
for material, labor, etc., for the improvement of real property,

Waterman v. Stout.

shall be made with the owner thereof or his agent. A tenant, as such, has no power to contract for labor or material so as to affect with a mechanic's lien the real property leased to him.

2. ———: TITLE TO PROPERTY: NOTICE. · A person furnishing material for an improvement on real estate must take notice of the interest and title in the premises of the person, with whom he contracted as shown by the public record, as his lien for labor and material, aside from the improvement itself, attaches only to such interest. *Henry & Coatsworth Co. v. Fisherdick, Admr.*, 37 Neb., 207.)

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J.

The facts are stated in the opinion.

*Beeson & Root,* for appellants:

It is not claimed the owner of the fee ever authorized the building of the structures, or even knew they were constructed. No lien, therefore, attached. (Sec. 1, ch. 54, Comp. Stats.; *Stevens v. Lincoln*, 114 Mass., 478.)

The lien could not attach to a greater interest than the lessee had in the premises. (*Breed v. Nagle*, 46 Ga., 112; *Harman v. Allen*, 11 Ga., 45; *Ombony v. Jones*, 19 N. Y., 234; *Knapp v. Brown*, 45 N. Y., 207.)

There being no privity of contract between the landlord and his tenant, no agency between them claimed or proved, and nothing pleaded or proved to create an estoppel, any lien plaintiffs might have would expire as against the premises or any fixtures thereon with the expiration of the tenant's term. The tenant could not, after the expiration of his tenancy, have removed any out-buildings from the premises, and plaintiffs would be in no better position than the tenant with whom alone they made a contract, and against whom they claim judgment. (*Bradford v. Higgins*, 31 Neb., 192; *Friedlander v. Ryder*, 30 Neb., 783.)

*J. H. Haldeman, contra.*

RYAN, C.

On January 30, 1889, H. A. Waterman & Son filed in the district court of Cass county, Nebraska, their petition, in which they made the following allegations:

"1. The plaintiffs complain and allege that on or about the 1st day of November, 1887, the plaintiffs entered into an oral contract with the defendant Harry B. Stout to furnish him lumber of different kinds and boards, lime and building materials, which lumber and materials are fully described in the schedule hereto attached, marked Exhibit 'A,' and is made a part hereof, for the erection of a granary and stable and out-buildings on the west half, southeast quarter of section thirteen (13), township twelve (12), range eleven (11), in Cass county, Nebraska.

"2. In pursuance of said contract the plaintiff furnished said lumber and materials described herein for the erection of said buildings above and herein described on or between the said 1st day of November and the 1st day of December, 1887, for the total sum of $168.28.

"3. The defendant, at the time the plaintiffs furnished said lumber and material, was in possession and occupying said lands and tenements above described, and had some interest and right of possession by lease or otherwise, by, from, and through his co-defendant William H. B. Stout, who was then the owner in fee-simple of said premises.

"4. On the 23d day of February, 1888, and within four months from the time of furnishing said material, the plaintiffs made an account in writing of the items of said materials furnished the defendant under said contract, and after making oath thereto as required by law, filed the same in the clerk's office of Cass county, and thereby claimed and have a mechanic's lien therefor upon said lands and appurtenances and improvements thereon to secure the debt by said contract made.

"5. The sum of $168.28 with interest from the 30th

day of November, 1887, now remains due and unpaid on said account.  *  *  *

"7. That there appears of record in the office of the register of deeds of the county of Cass and state of Nebraska, a deed dated the 27th day of December, 1888, purporting to sell and convey said real estate to R. C. Cushing, George W. Holdrege, and L. H. Tower, which deed appears to have been signed and acknowledged by said defendant William H. B. Stout and Laura A. Stout, his wife."

In the ninth paragraph of their petition the plaintiffs alleged that R. C. Cushing, George W. Holdrege, and L. H. Tower, if they did purchase said premises from their co-defendant Stout, held the same subject to the rights, equities, and lien of the plaintiffs herein. The prayer of the petition was for judgment against the defendants for the sum of $168.28, with interest from November 30, 1887, and that said premises might be sold to pay and satisfy the lien and debt due plaintiffs; and that if the same should not be sold as upon execution, or if the title should be defective, then that said premises be leased as provided by law, and the proceeds of the rent applied to the payment of plaintiffs' lien; that Harry B. Stout be adjudged to have had, when the debt was contracted and the contract made to furnish the material, an equitable right, title, and interest in and to the lands; that said R. C. Cushing, George W. Holdrege, and L. H. Tower be adjudged to have no title or interest in said lands superior to the plaintiffs. Following this there was a general prayer for equitable relief.

To this petition there was filed on March 11, 1889, the demurrer of William H. B. Stout on the following grounds, as therein stated: " Comes now the defendant William H. B. Stout, separately for himself only, and demurs to the petition filed by the plaintiffs herein, for the reason that said petition does not on its face state facts sufficient to consti-

tute a cause of action against this defendant and in favor of plaintiffs." This demurrer was sustained, and thereupon, as to William H. B. Stout, the plaintiffs dismissed their action.

In due time Harry B. Stout answered, denying the alleged sale and the furnishing of the material to him, as well as the alleged contract with him in respect thereof. He also denied the alleged filing of the claim for a lien, as well as the existence of the balance due from him to the plaintiffs. R. C. Cushing, George W. Holdrege, and L. H. Tower by their answer, in effect, denied each averment of the petition above recited, and alleged that plaintiffs never at any time filed a mechanic's lien upon the land in question, and averred that these last named answering defendants purchased said land without any notice of any mechanic's lien upon said premises, for a good and valuable consideration, long before the commencement of the suit. This answer ended with a prayer that the cause be dismissed, and that the therein answering defendants might have proper equitable relief. The averments of new matter in the several answers were denied by reply of plaintiffs.

On the trial there was offered in evidence the sworn statement for a mechanic's lien, the indorsement upon which showed it to have been filed February 23, 1888. This, as well as the itemized statement of account by which it was accompanied, showed the material therein described to have been furnished defendant Harry B. Stout; and the lien claimed in respect of the land described in the petition was also as against Harry B. Stout. The material, as shown by the statement of account filed for the purpose of obtaining a lien, was furnished in the month of November, 1887. There was oral evidence that H. B. Stout had admitted after the commencement of the action that the aforesaid account was all right and had promised to pay it. There was then offered in evidence the following stipulation, the title being omitted: "The defendants George W.

Holdrege, R. C. Cushing, and L. H. Tower admit that their co-defendant, Harry B. Stout, purchased the material of plaintiffs as set out in their petition, and for the purpose therein stated; that there is due from their co-defendant, Harry B. Stout, to the plaintiffs the sum of $168.28, with interest thereon from the 30th day of November, 1887; that at the time said indebtedness was contracted with the said Harry B. Stout, he was occupying the premises described in the above entitled cause as the tenant of William H. B. Stout, who at that time, and during said occupancy by said Harry B. Stout, was the owner in fee of said premises; and that said William H. B. Stout was the owner of said premises from the 1st day of November, 1887, until the month of December, 1888. The defendant Harry B. Stout admits that he purchased the materials set out in plaintiffs' petition as therein alleged and for the purposes therein stated, and that the amount claimed in plaintiffs' petition against him is correct and a just debt by him owing to said plaintiffs, and that the same is wholly unpaid." This stipulation was signed by the parties defendant therein named. Following this there was introduced this stipulation: "The plaintiffs admit that the defendants R. C. Cushing, George W. Holdrege, and L. H. Tower are *bona fide* purchasers, for a valuable consideration, of the premises described in the petition of plaintiffs; that they purchased the same in December, 1888, and that they purchased the same without any actual notice of the mechanic's lien claimed on said premises by plaintiffs other than such constructive notice as the records of the register of deeds of Cass county would impart to them." This stipulation was signed by the plaintiffs by their attorney. There was no other evidence offered than that above described.

The petition alleged that the material furnished for making the improvements on the premises therein described was furnished pursuant to an oral contract with Harry B. Stout, who, as the petition alleged, was, at the time the material

30

was furnished, in possession of and occupying said lands and tenements, and had some interest and right of possession as to the same by virtue of a lease or otherwise by, from, or through William H. B. Stout, who was the owner in fee of said premises.

Section 1, chapter 54, Compiled Statutes, requires that a contract for material, to entitle to a lien, shall be made with the owner of the land whereon the improvement is to be made, or with his agent. It in no way countenances the right to base a lien upon a contract with a tenant, though he may be in possession of the premises. To allow a mere tenant to incumber land for its improvement would be extremely dangerous to the rights of the landlord, and in case of a long-time lease, would place it within the power of the tenant to make his holding extremely valuable. A party who furnishes material or labor for improvements to be made upon real property can only have a lien declared effective as against such interest in the property improved as the person purchasing the material is vested with. (*Henry & Coatsworth Co. v. Fisherdick, Admr.*, 37 Neb., 207.) While the stipulation afforded evidence that the material was furnished to Harry B. Stout for the purposes stated in the petition, there is no evidence whatever that any erection or improvement was ever made therewith upon the real property of William H. B. Stout, of which Harry B. Stout was in possession. There was no warrant, therefore, neither in the averments of the petition, nor the proofs adduced, for enforcing a lien against the real property described in said petition as against the owner or his grantees. In so far as there was a personal judgment against Harry B. Stout, the decree was supported by the evidence, and will not be disturbed, but in other respects the judgment of the district court is reversed, and in this court a decree will accordingly be entered.

DECREE ACCORDINGLY.