HARLAN T. MOORE ET AL., APPELLEES, V. GEORGE C. VAUGHN ET AL., APPELLANTS.

FILED NOVEMBER 9, 1894.   No. 5298.

1. **Mechanics' Liens:** LANDLORD AND TENANT: AGENCY.   The mechanics' lien law of this state requires that a contract for material, labor, etc., for an improvement on real estate shall be made with the owner thereof or his agent; and a tenant of real estate, because of his tenancy, is not the agent of his landlord in such a sense as to render the latter or his real estate liable for materials furnished the tenant and used by him in erecting improvements on such real estate. *Waterman v. Stout,* 38 Neb., 396, reaffirmed.

2. ———: IMPROVEMENTS BY TENANT ON LEASED PREMISES: ORDER OF SALE.   A landlord leased his premises to a tenant for one year with the privilege of releasing for another year at the end of the term.   The tenant, during his lease, moved a dwelling house belonging to his landlord, and standing upon other land of his, upon the leased premises, and permanently affixed it to the land.   He then made contracts with certain material-

men, in and by which they furnished him material which he used in repairing and building additions to the dwelling house moved upon the leased premises. In a suit brought by the material-men against him, in which they claimed liens upon the premises for the material furnished to, and used by, him in the erection of such improvements, the court decreed that the improvements on said real estate should be sold to pay and discharge the claims of the material-men against the tenant. *Held*, (1) That when the dwelling house was moved upon the leased premises and fixed to the land it became a part thereof, and that the court was without authority to order said dwelling house and additions severed and sold to pay the claims of the material-men; (2) that the material-men, by furnishing material to the tenant for the erection of improvements on the leased premises, acquired liens against the tenant's interest only in said premises.

APPEAL from the district court of Harlan county. Heard below before GASLIN, J.

*R. L. Keester*, for appellants.

*C. C. Flansburg* and *J. G. Thompson, contra.*

RAGAN, C.

The material facts in this case are: That on April 1, 1890, Sarah A. Vaughn was the owner in fee of the northeast quarter of section 17, township 4 north and range 17 west of the 6th P. M., and on said date leased said premises to one George C. Vaughn for a term of one year. By the terms of the lease Vaughn was to pay as rent for said premises $67.50, and had the privilege, at the expiration of the lease, to lease for another year on the same terms. During the year 1890 George C. Vaughn moved a small dwelling belonging to Sarah A. Vaughn to the leased premises and fixed it permanently to the land, and in said year 1890 Moore & Mudgett, Cross & Johnson, and E. L. Clark, in pursuance of contracts made by them with George C. Vaughn, furnished him certain material for the purpose of, and used by, George C. Vaughn in repairing the house he had moved of Sarah A. Vaughn's to the leased premises

and in building additions to said house.   In November,
1890, George C. Vaughn and wife mortgaged all their in-
terest in said leased premises to one Herman W. Vaughn
to secure the payment of a note of $300 and interest held
by said Herman W. Vaughn and executed by said George
C. Vaughn.   Moore & Mudgett brought this suit in the
district court of Harlan county against the said George C.
Vaughn and his wife, making Herman W. Vaughn, the
said E. L. Clark, Sarah A. Vaughn, and said Cross &
Johnson parties defendant to the action.   In the petition of
Moore & Mudgett they set out that in the year 1890 they
made a verbal agreement with George C. Vaughn to fur-
nish him certain hardware for the erection of a dwelling
house on the above described real estate; that they fur-
nished the hardware in pursuance of the agreement, and
that the same was used in the construction of a dwelling
house on said land; that within four months from the date
of the furnishing of said hardware they made an account in
writing of the items of such hardware, made oath thereto,
and filed the same in the office of the recorder of deeds of
Harlan county, claiming a mechanic's lien on the above
described real estate and the buildings thereon.   They also
alleged that at the time of making said contract with
George C. Vaughn and furnishing him the hardware; that
he was in possession of and was the owner of the above de-
scribed real estate; that there was due them the sum of
$71.20, with seven per cent interest thereon from October
23, 1891, for said material so furnished; and they prayed
for a judgment against said George C. Vaughn for said
sum, and that said premises might be sold for the payment
of the amount found due.   Cross & Johnson filed an an-
swer in the nature of a cross-petition, claiming a lien
against the premises for the sum of $362.35, for material
which they had furnished to the said George C. Vaughn in
pursuance of a contract with him in the year 1890, towards
the erection or reparation of the dwelling house on said

real estate.    Sarah A. Vaughn filed an answer traversing all the allegations in the petition of Moore & Mudgett and cross-petition of Cross & Johnson, and alleging that during the year 1890, prior and subsequent thereto, she was the owner in fee-simple of said real estate; that George C. Vaughn was her tenant during the year 1890; that she had never made any contract with any of the parties to this suit to furnish any material for the erection of any improvement whatever on said real estate, nor had she authorized any person to make such contract.    Herman W. Vaughn filed an answer in the nature of a cross-petition, setting up the mortgage executed to him by George C. Vaughn and wife in November, 1890, on their interest in said leased premises, and prayed for a foreclosure of the same.    If the defendant E. L. Clark filed any pleading whatever in the case it does not appear in the record.    The district court made the following findings: (a) That there was due Moore & Mudgett from George C. Vaughn $67.10; (b) that there was due Cross & Johnson from George C. Vaughn $385; (c) that there was due E. L. Clark from George C. Vaughn $30; (d) that there was due from George C. Vaughn to Sarah A. Vaughn $65; (e) that there was due from George C. Vaughn to Herman W. Vaughn $330.    The court found that Sarah A. Vaughn had a first lien upon "said premises" to secure the sum found due her; that Herman W. Vaughn had a second lien upon "said premises" to secure the sum found due him; and that the liens of Moore & Mudgett, Cross & Johnson, and Clark should prorate one with the other, and be "a first lien on the interest of George C. Vaughn in the buildings and premises inferior only to the lien of Sarah A. Vaughn."    And thereupon the court decreed that if George C. Vaughn should fail for twenty days to pay to the clerk of the court the amount found due the various parties as stated above, the sheriff of said county should proceed "to appraise, advertise, and sell the frame

dwelling house upon and the interest of George C. Vaughn in said premises as upon execution." From this decree Sarah A. Vaughn has appealed.

The decree must be reversed. The undisputed evidence in the record is that during the year 1890, and for some years prior, and at all times subsequent thereto, Sarah A. Vaughn was the owner in fee of the above described property, and that George C. Vaughn was her tenant in possession of said land during the year 1890. There was no authority of law whatever for the finding and decree of the court giving Sarah A. Vaughn a first lien upon her own real estate to secure the year's rent due to her from her tenant, George C. Vaughn. The house which George C. Vaughn moved to said premises was, when he moved it, the property of Sarah A. Vaughn. It did not cease to be her property because her tenant moved it from one of her farms and put it upon another. Said house, when moved upon said real estate, was by George C. Vaughn affixed to the land, and thereby became a permanent fixture and part of the real estate on which it stood. The additions and reparations which George C. Vaughn made to this house were permanent improvements, and they also became a part of the real estate; and the title to all such improvements, as soon as they were made, became vested in Sarah A. Vaughn. The lien, and the only lien, which Moore & Mudgett, Cross & Johnson, and Clark, or either or any of them, acquired against said real estate or the improvements thereon was simply a lien upon George C. Vaughn's leasehold interest in said real estate, and the district court was without authority to order the buildings on said real estate to be sold for the satisfaction of said mechanics' liens or any of them. All that the court could order sold to satisfy these liens was whatever interest George C. Vaughn had in the entire premises by reason of being a tenant thereof. There is no evidence in this record from which the court could find that Sarah A. Vaughn ever authorized George C. Vaughn to

contract with any one to furnish material for the erection of improvements on this real estate, or for repairing the buildings already thereon; and the fact that George C. Vaughn was the tenant of the owner of the land did not make him such owner's agent so as to bind the owner's property for material purchased by him and used in erecting improvements on the land. In *Waterman v. Stout*, 38 Neb., 396, this court, speaking through RYAN, C., said: "The mechanics' lien law requires that a contract for material, labor, etc., for the improvement of real property, shall be made with the owner thereof or his agent. A tenant, as such, has no power to contract for labor or material so as to affect with a mechanic's lien the real property leased to him." The court was also without authority to order the buildings on said real estate sold for the purpose of paying the amount found due from George C. Vaughn to Herman W. Vaughn. The latter's mortgage only purported to give him a lien on the leasehold interest of George C. Vaughn in the premises; and, as already stated, the house on these premises, moved there by George C. Vaughn, was real estate, and could not be made personal property and severed at the will of or by the contract of the tenant. The decree appealed from is reversed and the cause is remanded to the district court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.