GUS SCHRAGE ET AL., APPELLEES, v. L. N. MILLER
ET AL., APPELLANTS.

FILED APRIL 16, 1895. No. 6419.

Landlord and Tenant: REPAIR OF BUILDINGS: MECHANICS'
LIENS. A requirement in a lease, that the lessee shall to a
specified amount "put cash in repairs" upon the leased prem-
ises, confers no right of charging such repairs when made against
the landlord or his property.

APPEAL from the district court of Dodge county. Heard below before SULLIVAN, J.

*Frick & Dolezal,* for appellants, cited: 15 Am. & Eng.. Ency. Law, 19 ; *Knapp v. Brown,* 45 N. Y., 207; *Muldoon v. Pitt,* 54 N. Y., 269; *Hickmann v. Pinkney,* 81 N. Y., 216; *Cornell v. Barney,* 94 N. Y., 394; *Boteler v. Espen,* 99 Pa. St., 313.

*Fred W. Vaughn, contra,* cited: *O'Neil v. St. Olaf's School,* 26 Minn., 329 ; *Meyer v. Berlandi,* 40 N. W. Rep. [Minn.], 513; *Laird v. Moonan,* 32 Minn., 358; *Hill v. Gill,* 42 N. W. Rep. [Minn.], 295; *Bohn Mfg. Co. v. Kountze,* 30 Neb., 719 ; *Henderson v. Connelly,* 123 Ill., 98 ; *Millsap v. Ball,* 30 Neb., 728 ; *Pomeroy v. White Lake Lumber Co.,* 33 Neb., 243.

RYAN, C.

The defendants Edwin L. and Josephine A. Eno, on the 4th day of November, 1888, leased their hotel known as the Eno Hotel to A. F. Diver for a term of three years, to begin on January 1, 1889.   The lessee agreed to take the property leased in the condition in which he should find it when it should be vacated at the commencement of his lease "and not ask of said first parties, the lessors, any money or outlay for repairs during the continuance of said lease, except for such damages as might be caused by the elements."   Furthermore, the lessee agreed to put the sum of $1,200 cash in repairs on said premises, such as painting, papering, kalsomining, etc., but particularly to immediately paint veranda and front of hotel three coats, to be of lead and oil, and first-class work and material, such expense to be included in said outlay of $1,200.   On the 5th day of July, 1889, the lessee assigned his interest in the above lease to Louis N. and Katie C. Miller, by whom, thenceforward, the conditions thereof were assumed.   The theory upon which the right to an affirmance of the judgment of the district court of Dodge county enforcing a mechanic's lien against the above property must be founded,

if at all, must be circumscribed by the statements of the affidavit filed by the appellees. The portion which has any bearing on this question was in this language: "Gus Schrage, being first duly sworn, says that affiant and C. H. Stoner, under and by virtue of a verbal contract entered into with L. N. Miller and Katie C. Miller, lessees and proprietors of the Eno Hotel, in the city of Fremont, Nebraska, held and occupied by them under and by virtue of a contract and lease executed and made by Edwin L. Eno and Josephine A. Eno with A. F. Diver, and which lease and contract was sold and assigned by said A. F. Diver to said L. N. Miller and Katie C. Miller, by and with the consent of said Edwin L. Eno and Josephine A. Eno, whereby the said lessees were bound and compelled to make repairs upon said Eno Hotel for a given sum as part rent and consideration of said lease, that, under and by virtue of said contract, this affiant and said C. H. Stoner furnished material, consisting of wall paper and paint, and performed work and labor in connection with said wall paper and paint in repairing and fixing said rooms of said Eno Hotel to the amount of one hundred and sixty-seven $\frac{58}{100}$ ($167.58) dollars, upon which there has been paid and credited the sum of one hundred and sixteen $\frac{40}{100}$ ($116.40) dollars, leaving a balance due this affiant and C. H. Stoner of the sum of fifty-one $\frac{18}{100}$ ($51.18) dollars." The decree was for the amount just stated with costs.

It is very clear that the plaintiffs were not entitled to a lien because of having furnished material and performed labor under a contract therefor with the lessees as such. (*Waterman v. Stout*, 38 Neb., 396.) Probably this was not so much hoped for, as that, under the requirement of payment for repairs, it should be assumed that the lessee was impliedly constituted the landlord's agent in respect thereto. The language above quoted from the affidavit seems to countenance this theory, and it is urged in the brief for the appellees. By the terms of the lease, however, it was

agreed that the lessee would not ask of the lessors the out-
lay for repairs of the kind described in the above mentioned
affidavit.   Aside from this, the terms of the lease were not
as indicated in the above affidavit, for the requirement was
not that the lessee should make repairs of the value of
$1,200, but that he should put the sum of $1,200 cash in
repairs; in other words, that a part of the consideration for
the three years lease was the payment of $1,200, which
should be made for repairs, which repairs would inure to
the benefit of the lessee until the expiration of his term.
This was not a requirement to make repairs, requiring pay-
ment to be made, perhaps, by the lessors.   It was an au-
thority solely to pay cash to the extent and for the pur-
poses indicated.   Under such conditions the estate of the
lessors was not bound. (*Hoagland v. Lowe,* 39 Neb., 397;
*Henry & Coatsworth Co. v. Fisherdick,* 37 Neb., 207; *Pick-
ens v. Plattsmouth Investment Co.,* 37 Neb., 272; *Holmes v.
Hutchins,* 38 Neb., 601; *Sheehy v. Fulton,* 38 Neb., 691.)
It follows, therefore, that the judgment of the district court
subjecting the property of the appellants to the payment of
the indebtedness found due from other parties was without
warrant, and it is therefore

REVERSED.