ANNA GOOS, APPELLEE, V. HANS GOOS ET AL.,
APPELLANTS.

FILED DECEMBER 22, 1898.   No. 8532.

1. **Vendor and Vendee:** ASSUMPTION OF MORTGAGE: ESTOPPEL.   One
   who accepts a conveyance of land, and as part of the considera-
   tion agrees to pay an existing incumbrance thereon, is bound
   not only to the promisee but to the incumbrancer to do so, and
   estopped from denying the validity of such incumbrance.

2. ——: ——: CONSIDERATION: MERGER.   A sold land to B, receiv-
   ing in part security for the purchase price a mortgage on the
   land.   B afterwards made a mortgage to C.   Thereafter B recon-
   veyed the land to A and gave A also his note for an agreed sum,
   and A agreed to pay the mortgage to C.   *Held,* That the con-
   veyance of the land and giving of the note constituted a suffi-
   cient consideration for the assumption of the mortgage debt,
   and that, in the absence of fraud or other ground of rescission,
   the contract had the effect of merging A's mortgage in the legal
   title, and leaving C's mortgage as a subsisting valid charge upon
   the land.

3. ——: ——: FRAUD: DURESS.   The fact that A was induced to
   make the contract by B's threat to convey or lease the land, B
   having a right so to do, did not constitute fraud or duress.

4. **Appeal:** TRANSCRIPT: RIGHTS OF APPELLEE.   Under our system of
   appeals in equity cases, after a transcript has been in due time
   lodged in this court by any party, any other may assume the atti-
   tude of an appellant by seasonably filing a brief assailing the
   decree.

5. **Contract for Benefit of Third Person:** FRAUD.   Where two persons
   have made a contract involving a promise by one party for the
   benefit of a third person, such third person may be heard to de-
   fend such contract against an attack for fraud.

APPEAL from the district court of Cass county.   Heard
below before CHAPMAN, J.   *Reversed.*

*Byron Clark* and *C. A. Rawls,* for appellants.

*Matthew Gering* and *A. N. Sullivan, contra.*

IRVINE, C.

The main object of this action was to foreclose a mort-
gage, but the complications are such that its precise

nature may be best disclosed by a short analysis of the pleadings. The plaintiff Anna Goos alleged that in 1891 she became the owner of certain described land in Cass county. May 3, 1893, she sold and conveyed the land to Hans Goos for the sum of $8,000. The consideration was arranged by his paying $1,000, assuming an existing mortgage of $1,000, and executing his notes for $6,000, secured by mortgage on the land. It is charged that this mortgage plaintiff, after its delivery, committed to the custody of the mortgagee for the purpose of having it recorded, and that he failed to cause it to be recorded, a fact not known to plaintiff until the autumn of 1894. It is next alleged that October 20, 1894, Hans Goos and William Weber conspiring to defraud plaintiff, Hans executed to Weber a mortgage for $1,000, which Weber, November 15, 1894, assigned to the Krug Brewing Company, the mortgage and assignment being both recorded. It is charged that the brewing company knew of plaintiff's mortgage and of all the facts. It is further charged that thereafter Hans Goos, contriving to induce plaintiff to assume the Weber mortgage, fraudulently induced her to accept a reconveyance of the land, together with Hans' notes for $250. The prayer was for a rescission of the last contract and a foreclosure of the plaintiff's mortgage to the exclusion of that to Weber. The answers of the several defendants deny all charges of fraud, allege a consideration for the Weber mortgage and its assignment, and charge that as a part of the contract whereby the land was reconveyed to plaintiff, and in consideration thereof, and of Hans' notes for $250, plaintiff assumed and agreed to pay the Weber mortgage. The reply reiterates the charge that the last contract was obtained by fraud. The district court found that Hans fraudulently neglected to file plaintiff's mortgage for record; that it created a vendor's lien; that the Weber mortgage was executed to secure a pre-existing debt and future advances, with the intention on Hans' part to defraud plaintiff; that Weber knew of plaintiff's mortgage, but

that the brewing company did not; that the assignment
to the latter was to secure a pre-existing debt of Weber;
that the settlement, whereby the land was reconveyed
and the mortgage assumed, was without consideration
and fraudulent. A foreclosure of both mortgages was
decreed, the plaintiff to have priority.

Many ·interesting questions are presented by the rec-
ord and ably argued in the briefs; but the conclusion
reached on one branch of the case renders unnecessary
the consideration of other phases. It is now the well
settled law of this state that where one makes a promise
to another for the benefit of a third person, the third
person may enforce it, although not a party to the con-
sideration. (*Morrill v. Skinner*, 57 Neb. 164, and cases
there cited.) This rule has several times been applied to
cases where one accepts a conveyance of land, and ·as
part of· the consideration agrees to pay an existing in-
cumbrance thereon. The mortgagee may enforce the
promise. (*Rockwell v. Blair Savings Bank*, 31 Neb. 128;
*Cooper v. Foss*, 15 Neb. 515; *Reynolds v. Dietz*, 39 Neb. 180;
*Meehan v. First Nat. Bank of Fairfield*, 44 Neb. 213.) Even
where there has been no agreement to assume and pay
the debt, a purchase wherein an apparent lien has been
recognized as valid, and allowed for in fixing the price,
has been held to estop the purchaser from denying its
validity. (*Koch v. Losch*, 31 Neb. 625.)

It follows that if the contract whereby the land was
reconveyed was not open to rescission for fraud, it con-
stituted a binding obligation upon the plaintiff to dis-
charge the Weber mortgage, and it is immaterial
whether, before that agreement, that mortgage was
senior or junior to the plaintiff's. The finding that there
was no consideration for the agreement is manifestly
wrong. Plaintiff received the land and Hans' notes for
$250 as a consideration for the assumption of the Weber
mortgage. From the cases already cited it follows that
it was immaterial that the holder of that mortgage was
not a party to the consideration, or that he did not know

of the promise at the time it was made. We are thus relegated to an inquiry as to the fraud. Plaintiff knew long before this transaction that her mortgage had not been recorded; so that she was not induced to make the contract by any deception which had before been practiced upon her with regard to that fact. The only fraud charged in the petition is, first, that plaintiff relied on the validity of the Weber mortgage, and, secondly, that Hans threatened that unless she made the settlement he would transfer the land or lease it for five years. The first charge is flatly contradicted by the plaintiff's own reply, where she says that she relied on Hans' statement that he had made the Weber mortgage only to cloud her title and force a settlement. These averments offset one another, but whichever may indicate plaintiff's position it is insufficient. If she relied on the validity of the Weber mortgage as charged in the petition, she relied on the truth, for it is shown that that mortgage was given for a *bona fide* debt, and was undoubtedly good as between the parties. It may have been in equity junior to plaintiff's; but there is no charge of any misrepresentation affecting the priorities. If, on the other hand, plaintiff relied on Hans' statement that the mortgage was invalid, as alleged in the reply, that would be a reason for not assuming it. If she were willing to pay it believing it to have been made solely to defraud her, she ought to be held to her bargain when the contrary appeared. The second charge shows no fraud. It was neither a false statement nor a suppression of the truth. It merely expressed a purpose to do what Hans had a right to do. He owned the land and might convey it or lease it. If he should do either, it could not affect plaintiff if she then took the proper steps for her own protection. Such a threat does not constitute duress. Finally it may be said that the proof wholly failed to sustain such allegations as were made. The most that the evidence tended to show was that Hans told her that if she did not accept his proposition he "would beat her out of it,"

whatever that may mean. It is quite evident that the plaintiff, with full knowledge of all material facts, and in the absence of anything approaching fraud or duress, for a sufficient consideration took back the land and agreed to pay the Weber mortgage; that the intention was thus to close matters with Hans, and to merge the plaintiff's mortgage in the legal title, leaving the Weber mortgage as a valid, recognized subsisting lien. Neither on the face of the record nor by evidence did she show a right to the relief demanded.

It is argued that we are foreclosed by the condition of the record here from examining the question just decided. This is upon the theory that the brewing company alone appeals and that the case for rescission affects only the plaintiff and Hans Goos. The claim that the brewing company is the only appellant is founded on the fact that it alone gave a supersedeas bond. But a supersedeas is not necessary to an appeal. An appeal is taken by lodging a transcript in this court within the statutory period. When one party does so the other may avail himself of the same transcript for the purpose of an appeal on his own part, by simply filing in due season his briefs assailing the decree. (McDonald v. Buckstaff, 56 Neb. 88.) Here all the defendants join in a brief, relying on the same grounds, and we have no other means of ascertaining who appeals. Furthermore, by virtue of the contract which it was sought to rescind, the brewing company, as holder of the mortgage, obtained a vested legal right, which it has a right to defend on its own behalf. The decree of the district court is reversed and the cause remanded with directions to dismiss plaintiff's case and to award foreclosure of the Weber mortgage as prayed in the cross-petition of the defendant brewing company.

REVERSED AND REMANDED.