O. O. SNYDER & COMPANY, APPELLANT, V. DARWIN J. SPARKS ET AL., APPELLEES.

FILED MAY 17, 1905.  No. 13,730.

1. **Mechanics' Lien.** To enforce a mechanics' lien for material, labor, etc., used in an improvement on real estate, the evidence must show that the contract for such material or labor was made with the owner of the premises or his duly authorized agent. *Moore v. Vaughn*, 42 Neb. 696, followed and approved.

2. **Evidence examined**, and *held* sufficient to sustain the judgment of the trial court.

ERROR to the district court for Holt county: WILLIAM H. WESTOVER, JUDGE.  *Affirmed.*

*R. R. Dickson,* for appellant.

*M. F. Harrington* and *A. F. Mullen, contra.*

OLDHAM, C.

This was an action to foreclose a mechanic's lien for material furnished and used in the construction of a cattle shed on a ranch in Holt county, Nebraska. The petition alleged that the materials were furnished to one Ed. Johnson, who purchased the same as the agent of defendant Sparks, the owner of the premises in controversy. There was personal service on Sparks and his wife, the owner of the ranch, and service by publication on his codefendant, Ed. Johnson. Johnson made default.

Sparks answered, in substance denying that he ever authorized the purchase of any lumber from the plaintiff by defendant Johnson, and alleging that he purchased the lumber used in the construction of the sheds from Johnson. On issues thus joined there was a trial to the court, and judgment for the defendant Sparks, from which plaintiff appeals to this court.

The testimony contained in the bill of exceptions tends to show that defendant Sparks was the owner of a ranch in Holt county, Nebraska, on which he resided, and was engaged in the business of raising cattle and horses; that Johnson was a relative of Sparks, and came to his place in 1889 from Wisconsin, with the intention of going into the stock business; that he had been engaged in cutting and hauling lumber in Wisconsin before coming to Nebraska; that after arriving in Holt county he had a considerable quantity of lumber and posts shipped to him from Wisconsin; that he sold some of this lumber to Sparks for the purpose of erecting a barn and shed on the ranch; that he also sold one car load of posts to the plaintiff; that he made an arrangement with plaintiff by which he was to furnish plaintiff more posts in exchange for lumber, which he desired to use in building sheds for his cattle.

That all the lumber that was used in the building of the sheds was sold and charged to Johnson is clearly established by the following evidence, offered by plaintiff:

John McManus, plaintiff's foreman, on cross-examination: Q. Sparks didn't come there and make any arrangements about lumber, did he? A. No. Q. Johnson and Snyder had some transactions about lumber before this, did they? A. Yes, sir. Q. Bought by Johnson and paid for by Johnson? A. Yes, sir. Q. And all this dealing was done by Mr. Johnson? A. Yes, sir. Q. He made the contract? A. Yes, sir. Q. You didn't charge anything to Sparks? A. No, sir. Q. You charged everything to Johnson? A. Yes, sir. Q. He was the man you were dealing with? A. Yes, sir. Q. Later on, he left the

community, and you filed a lien against Sparks? A.
Yes, sir.

Mr. Snyder, proprietor of the firm, testified as follows:
Q. Your dealings were entirely with Mr. Johnson? A.
Yes, sir. Q. He represented to you that he could get
posts, and he wanted to trade them to you for lumber?
A. Yes, sir. Q. He didn't represent to you that Mr.
Sparks had any interest in the posts? A. No. Q. It
was his personal transaction? A. He said the parties
owed him, and he had to take posts for pay. Q. And
he wanted to trade them for lumber? A. Yes. He said
he had several cars to trade. Q. How many cars did he
give you? A. I only got one. Q. And you expected sev-
eral from him? A. Yes, sir. Q. You never expected to
get any posts from Mr. Sparks? A. No.

Defendant Sparks testified positively that he never au-
thorized Johnson to purchase any material for him, and
that he believed that Johnson had traded posts for all the
lumber that he got from Snyder which was used in the
sheds.

In this state of the testimony we think the learned
trial judge was fully warranted in finding the issues in
favor of the defendant Sparks. In *Moore v. Vaughn*, 42
Neb. 696, it was said by this court:

"The mechanic's lien law requires that a contract for
material, labor, etc., for the improvement of real property,
shall be made with the owner thereof or his agent. A
tenant, as such, has no power to contract for labor or
material so as to affect with a mechanic's lien the real
property leased to him." Citing *Waterman v. Stout*, 38
Neb. 396.

We therefore recommend that the judgment of the dis-
trict court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the above opin-
ion, the judgment of the district court is

AFFIRMED.