MEADE PLUMBING, HEATING & LIGHTING COMPANY ET AL., APPELLANTS, V. JAMES M. IRWIN ET AL., APPELLEES.*

FILED OCTOBER 18, 1906.   No. 14,336.

1. **Appeal: ESTOPPEL.** A party is not estopped to prosecute his appeal by the fact that he accepts the amount of a judgment which the appellee concedes to be due him; the appeal in such case involving only his right to a further recovery.

2. **Principal and Agent: LIABILITY OF AGENT.** An agent cannot be held liable on a contract made on behalf of his principal where the other contracting party knows of the relation and enters into the contract intending to hold the principal to its performance.

3. **Mechanics' Liens: CONTRACT.** The materialman, in order to be entitled to a mechanic's lien, must contract for the work and material with the owner or an agent of the owner authorized to make the improvement.

4. **Judgment: MODIFYING AFTER TERM.** The district court cannot, after the adjournment of the term at which a judgment is entered, amend the same by changing the award of costs to one of the parties, except for some reason mentioned in section 602 of the code as ground for vacating or modifying a judgment.

5. **Cross-Appeal.** Under our former practice a party might take a cross-appeal, after the filing of the transcript by the appellant, by filing a brief in due season assailing the decree so far as it affected his interest. In order to perfect his cross-appeal the brief should be filed in due season.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed as to costs.*

*Horace F. Bishop* and *Ricketts & Ricketts*, for appellants.

*Hall, Woods & Pound, contra.*

---

* Rehearing allowed. See opinion, p. 391, *post.*

DUFFIE, C.

At the October, 1904, term of the district court for Lancaster county a decree was entered finding due the plaintiffs from the defendants James M. Irwin and Emma McGahey the sum of $125 for work done and material furnished in the improvement of a building on lot 10 in block 98 in the city of Lincoln. A mechanic's lien for said amount was also foreclosed and the property ordered sold in satisfaction thereof, and for the costs of suit. Irwin is the owner of the property, and defended upon the ground that he had not ordered or authorized the making of the improvement for which the lien was claimed. Mrs. McGahey, who ordered the improvement, claimed that it was to be furnished at a cost not to exceed $125, which amount she tendered in her answer, the plaintiffs' claim being for $248.26. January 26, 1905, the plaintiffs procured an order of sale on this decree and placed the same in the hands of the sheriff, who returned the same on February 15 with the following indorsement: "Judgment having been paid into court this writ is herewith returned. Return 50c. Mileage 10c. Nicholas Ress, Sheriff." January 30, 1905, and after final adjournment of the October, 1904, term, which occurred January 7, 1905, the defendants filed a motion for an order taxing all the costs to the plaintiffs, for the reason that on the commencement of the action the defendants herein filed an answer tendering to the plaintiffs the sum of $125, and that since recovery for that amount only had been had they should not be taxed with the costs. February 16, 1905, the court sustained the motion so far as to require the plaintiffs to pay one-half the costs of the suit, and thereupon the plaintiffs took an appeal to this court; and insist that they may not only have the order requiring them to pay one-half of the costs reviewed, but also the original decree; and the defendant Irwin claims, upon cross-appeal that the decree establishing a mechanic's lien against his property was erroneous,

and insists that we review and set aside the judgment of the district court in that regard.

The defendants insist that the plaintiffs cannot accept the benefit of the judgment in their behalf and at the same time appeal therefrom, while the plaintiffs contend that as the defendants did not controvert their claim to to the extent of $125, the amount for which judgment .was given, they were entitled to accept that amount, and still appeal from the decree and obtain the opinion of this court upon its right to the remainder which it claims to be due. The same question was before this court in *Weston v. Falk*, 66 Neb. 198, and the present chief justice, who wrote the opinion on rehearing (66 Neb. 202), quoted with approval the language of the supreme court of North Dakota in *Tyler v. Shea*, 4 N. Dak. 377, as follows:

"The rule is well settled that one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by the reversal of the judgment. * * * It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from. * * * The appellant waived his right to appeal if he obtained any benefit under the judgment which on the appeal may be taken from him."

Numerous authorities may be cited in support of this rule, among which are, *Reynes v. Dumont*, 130 U. S. 354; *Embry v. Palmer*, 107 U. S. 3; *United States v Dashiel*, 70 U. S. 688; *Mellen v. Mellen*, 137 N. Y. 606, 33 N. E. 545. We hold, therefore, that taking out execution for the amount of the decree does not estop the appellant from appealing to this court.

Coming now to the merits of the plaintiff's claim, the evi-

dence is uncontradicted that what was called a proposition for plumbing work and material was published in the "Lincoln Journal" by the Meade Plumbing, Heating & Lighting Company. Mrs. McGahey saw the advertisement, and had several conversations with Mr. Meade, at that time a partner in the business. These conversations finally resulted in an agreement, by the terms of which the Meade Plumbing, Heating & Lighting Company was to furnish a bath room in the house, the price of the bath outfit, fixtures, labor, etc., being agreed upon, but the depth of sewerage, the number of hours of labor required to complete the job, and the exact amount of material required not being known to Mrs. McGahey, it was agreed that in no event should the cost of the improvement exceed the sum of $125. Some time after the contract was made Mr. Wiltamuth, another member of the firm, took a copy of their so-called proposition to the home of Mrs. McGahey and procured her signature thereto. It is claimed that Mrs. McGahey was the agent of Irwin, and that this constitutes a valid and binding written contract between the parties, which cannot be impeached or modified by parol evidence tending to show that the price for the work and material should not exceed $125. Conceding this to be true, still we think that the decree of the district court gave the plaintiffs more than they were entitled to under the pleadings and the evidence. In their petition it is alleged as follows: "Plaintiffs show to the court that at the time of furnishing said plumbing supplies and performing said skill and labor the fee title to said premises stood, and now stands, in the name of the defendant, James M. Irwin; that he had entrusted the sole care, management and control of said premises to the defendant Emma McGahey, with full power and authority to cause repairs to be made thereon, and that said contract so made between the defendant Emma McGahey and the said Meade Plumbing, Heating & Lighting Company was made by the authority of the

defendant James M. Irwin and was fully satisfied by him."

It is apparent that Mrs. McGahey is not personally liable upon a contract made by her as the agent of Irwin, and which plaintiffs insist she had full power to make. On the theory on which the case was brought and prosecuted, Mrs. McGahey was not liable to the plaintiff, and judgment should not have gone against her for any amount; and, this being so, the plaintiffs cannot complain that she was not held to pay a greater sum. The evidence is undisputed that Irwin, a resident of the state of Illinois, is the owner of the premises on which the lien is claimed. He is the brother of Mrs. McGahey, who has three daughters. In 1888 one of them was pursuing a course of study in the state university. The defendant Irwin, uncle of this girl, in order to assist her in completing her education, gave over to her the rents derived from this property. When she had completed her education, he made the same arrangements with respect to one of her sisters; and upon the graduation of the latter he gave Mrs. McGahey, his sister and codefendant, authority to collect the rents accruing from this property for the benefit of the youngest daughter. The last arrangement was in effect when the contract in question and the improvements made in pursuance of it were made, and is the extent of Mrs. McGahey's authority to act for her codefendant with respect to this property, save that for a portion of the time she had paid the taxes out of the rents derived from the property. Both she and Irwin deny that she had authority to contract for the repair or improvement of the property on his behalf, and that he had no notice or knowledge of the contract with the plaintiffs or of the improvements made in pursuance of it until after the improvements had been completed. The most that can be said of the evidence on this point is that Mrs. McGahey had the bare authority to collect the rents accruing from this property and pay them over to her daughter. It will not be claimed, we think, that such

authority carried with it implied authority to bind the owner by contracts for improvements. It is true, the improvements inure to the benefit of the owner of the fee, but the same may be said of improvements made by a tenant; but a tenant cannot subject the interest of his landlord in the premises to a mechanic's lien. *Waterman v. Stout,* 38 Neb. 396; *Moore v. Vaughn,* 42 Neb. 696; *Schrage v. Miller,* 44 Neb. 818. See also *Rust-Owen Lumber Co. v. Holt,* 60 Neb. 80. It follows, then, that the finding and judgment against Irwin was erroneous, but as we find nothing in the record showing a cross-appeal, and his brief assailing the decree was not filed in due season, he is not entitled to have the decree reviewed. *Goos v. Goos,* 57 Neb. 294.

The second ground of complaint by the appellants is that the district court had no jurisdiction to alter or amend the decree relating to costs after the term at which the decree was made. We have no doubt of the correctness of this position. Any mistake made by the clerk in taxing fees in favor of or against a party may be corrected by the court on motion at any time; but an award of costs in favor of a party is a part of the judgment as much as the award of damages, and this cannot be changed after the term, except for some statutory cause allowing the court to set aside or modify its judgment at a subsequent term. This question was before the supreme court of Iowa in *Fairbairn v. Dana,* 68 Ia. 231, where it was sought to modify a judgment awarding costs. The court said:

"It will be observed that the movers are not seeking relief against one or more items of costs which were erroneously or illegally taxed to them; but, in effect, they ask that the provision of the judgment which renders them liable for the costs be set aside and canceled. If a provision in a judgment for the recovery of costs by the successful party against his adversary is an adjudication of the legal rights of the parties, it is clear, we think, that the court has no power at a subsequent term to

modify or change it, except for one of the causes enumerated in section 3154 of the code as ground for vacating or modifying a judgment."

Section 3154 of the Iowa code, referred to in the above quotation, is in substance the same as section 602 of our code, relating to the vacation and modification of judgments after the term at which they were entered. In our opinion, the district court has no jurisdiction upon the showing made to modify the decree, so far as it awarded costs to the plaintiff, at a term subsequent to the rendition of the decree.

We recommend, therefore, that the order of the district court requiring the plaintiffs and appellants to pay one-half of the costs be reversed and that the cause be remanded, with directions to set aside such order and to execute the decree in favor of the plaintiffs for the taxable costs of the case, and that it stand affirmed as to all other matters.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court requiring the plaintiffs and appellants to pay one-half of the costs is reversed and the cause remanded, with directions to set aside such order and execute the decree in favor of the plaintiffs for the taxable costs of the case, and that it stand affirmed as to all other matters.

JUDGMENT ACCORDINGLY.

The following opinion on rehearing was filed April 4, 1907. *Former judgment vacated and judgment of district court reversed with directions:*

1. Cross-Appeal: FILING BRIEFS. By our former practice governing appeals in equity cases one could prosecute a cross-appeal by filing his brief in due season assailing the decree appealed from.

2. ——: ——. Such a brief will be held to have been filed in due

season where appellant neither objects to service and filing thereof, nor moves to have it stricken from the record as having been filed out of time.

BARNES, J.

The Meade Plumbing, Heating & Lighting Company et al. brought this action in the district court against James M. Irwin, his sister, Mrs. Emma McGahey, and others to recover the sum of $248.26, and foreclose a mechanic's lien on a certain house and lot in the city of Lincoln, owned by said Irwin. A judgment was rendered in favor of the plaintiffs for the sum of $125, and costs, against Irwin and Mrs. McGahey, and the plaintiffs had a decree for a foreclosure as prayed. From that judgment and decree the plaintiffs appealed to this court, and a former hearing resulted in an affirmance of the decree, except as to costs. As to that matter the district court was directed to tax all of the costs to the defendants. Our former opinion, *ante*, p. 385, contains a full statement of the facts, hence no further statement is required. It was there stated that the plaintiffs were neither entitled to a judgment against Irwin, nor a decree of foreclosure against his property, but as there was nothing in the record showing a cross-appeal, and as his brief assailing the decree was not filed in due season, he was not entitled to have the decree reviewed, and therein lies the error of our former judgment.

It appears that the transcript in this case was filed June 21, 1905. The plaintiffs filed their brief on January 27, 1906. Defendants filed their brief and cross-appeal March 7, 1906. Plaintiffs filed their reply on April 14, and the hearing was had in its regular order on April 17 of the same year. No objection as to time was made by plaintiffs when defendants' brief was served and filed, and no motion was made to strike because the brief had been filed out of time. So the plaintiffs cannot now challenge the defendants' right to assail the decree. While both parties were delinquent, in point of time, as to

filing briefs, yet we are satisfied that under the circumstances, as detailed above, the defendants filed their brief assailing the decree in due season. *Hahn v. Bonacum,* 76 Neb. 837; *Goos v. Goos,* 57 Neb. 294; *McDonald v. Buckstaff,* 56 Neb. 88. The record discloses that the defendants' brief was entitled "Appellees' Brief on Cross-Appeal," and from an examination of its contents it further appears that the decree was assailed, and affirmative relief was asked for thereby. That this amounted to the taking or prosecution of a cross-appeal seems clear under our system of appeals in equity cases in force before the statute of 1905, regulating appeals, went into effect. The plaintiffs, by filing the transcript and the whole record in this court, opened the decree, so that the whole case stood for trial *de novo. Armstrong v. Mayer,* 69 Neb. 187.

Coming now to consider the merits of the controversy, we are satisfied with what was said in our former opinion as to the plaintiffs' right to recover against Irwin and have a decree foreclosing the mechanic's lien. We quote therefrom as follows: "The most that can be said of the evidence on this point is that Mrs. McGahey had the bare authority to collect the rents accruing from this property and pay them over to her daughter. It will not be claimed, we think, that such authority carried with it implied authority to bind the owner by contracts for improvements. It is true, the improvements inure to the benefit of the owner of the fee, but the same may be said of improvements made by a tenant; but a tenant cannot subject the interest of his landlord in the premises to a mechanic's lien. *Waterman v. Stout,* 38 Neb. 396." It follows, then, that the judgment against Irwin should be reversed.

This brings us to the consideration of the question of the costs. It appears that Mrs. McGahey, with whom the contract for the plumbing in question was made, offered to pay the plaintiffs $150 in satisfaction of their claim. This offer was refused. There is no competent evidence of a tender in the record, or that such tender was kept good.

It does appear, however, that she offered to pay the plaintiffs $125 after the action was commenced, and brought that sum into court, and tendered it by her answer. This was in effect an offer to confess judgment for that amount, and to authorize the court to render a judgment against her for that sum. The plaintiffs having failed to recover a greater amount were not entitled to recover costs after the filing of her answer, and it was error for the district court to render judgment against her for any part of the costs accruing after that time. It further appears that she has paid the amount of the judgment into court, and that the same has been accepted by the plaintiffs.

For the foregoing reasons, our former judgment is vacated, the judgment of the district court is reversed and the cause remanded, with directions to that court to dismiss the action as to defendant Irwin, and render judgment against the plaintiffs for all the costs which accrued after the filing of the defendant McGahey's answer.

JUDGMENT ACCORDINGLY.