WILLIAM HART, APPELLEE, v. CHARLES M. MURDOCK ET AL., APPELLANTS.

FILED DECEMBER 5, 1907. No. 14,893.

1. **Appeal: PRACTICE: BRIEFS.** Errors assigned by appellee in his printed brief filed after the date required by rule 35 will be considered when the appellant neither objects to the service and filing thereof, nor moves to strike it from the record as having been filed out of time.

2. **Tax Certificate: FORECLOSURE: DESCRIPTION.** Where, in a suit to foreclose a tax sale certificate, a clerical mistake appears to have been made in the description, such error will not defeat the action if sufficient remains in the description to identify the land upon the tax list.

3. **Taxation: VOID ASSESSMENT.** Where land owned by one person is assessed with land of another, so that neither owner can determine the amount for which his property is liable, the entire tax is void.

4. **———: DESCRIPTION.** In a description of land by metes and bounds, a point of the compass named in a survey may be construed to mean a different or opposite direction, when it appears to have been written by clerical error, and is so inconsistent with the remaining parts of the description as to demonstrate that the different or opposite direction was intended.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed in part.*

*E. O. Kretsinger,* for appellants.

*R. W. Sabin, contra.*

CALKINS, C.

In 1892 the defendants became owners of 21 acres of land situated in the southeast quarter of the northwest quarter of section 29, town 2, range 7, in Gage county. In the deed by which the defendants took title, the land was described by metes and bounds as follows: "Commencing at the southeast corner of the southeast quarter of the northwest quarter of section 29, in township 2 north, of range 7 east of the 6th P. M., thence west along the south line of said tract of land 598 feet, thence north 45° west 287 feet, thence north 941 feet to the center of Indian creek, thence down the center of the channel of Indian creek in a northeasterly direction to a point where the north line of the southeast quarter of the northwest quarter of said section 29 crosses said Indian creek, thence east along said north line 175 feet, more or less, to the northeast corner of the above described forty-acre tract of land, thence south along the east line of said land 1,320 feet to the place of beginning, containing 21 acres, more or less." The description of this land on the tax list for the years 1896 and 1897 was: "Com. 32 rds. e. of N W cor S $E^4$ N $W^4$, th E to pt on a line with the center of Norwich St. th S 11 1-5 Rds. to Indian creek, th N E along creek to N line S $E^4$ N $W^4$, th E to N E cor. S $E^4$ N $W^4$ th S 80 Rds., th W 36 Rds., th N 45° $W^4$ 22.100 Chs., th N 68 Rds. to the place of beginning in S $E^4$ N $W^4$ 29-2-7."

The accompanying diagram illustrates the two descriptions, the first being indicated on the interior, and the second on the exterior lines of the tract.

It will be observed that in the tax list description the distance from the northwest corner of the southeast quarter of the northwest quarter to the center of Norwich street is not given; but it appears from a plat introduced

in evidence by the defendant that the center of Norwich street is 32 rods east of the northwest corner of the southeast quarter of the northwest quarter, so that the starting point of this description is in the center of Norwich street, and, since the second call ends there, it may be ignored. With this explanation, the two descriptions, though starting from different points, describe the same land, the courses being the same, and the distances, when reduced to feet, corresponding, except in the last call of the tax

list description, which does not stop on Indian creek, but runs to the place of beginning, which is 11 1-5 rods further north. When allowance for this additional distance is made, the two courses are of practically the same length. In the tax list for 1898 the description was the same, except that the word east was substituted for the word west in the course next after the run of 80 rods south. This last description was repeated upon the tax books of 1899 and 1900. In 1901 the county caused a survey and plat of this

property to be made, in which it was described as lot 16; and by this description it was also known on the tax books for the years 1902 and 1903. The defendants failing to pay the taxes of 1898, the premises were on November 9, 1899, sold to the plaintiff's assignor, who subsequently paid the taxes for the years 1899 to 1903, both inclusive. In the tax certificate issued upon this sale, the description appears as in the tax list of 1898, except that the call for a course north 45° west 4.22 chains was given north 45° west 14.22 chains. This action was brought to foreclose the lien. The court below found the description insufficient, and that the plaintiff was not entitled to recover for the taxes of 1898, 1899 and 1900; but rendered a decree of foreclosure for the subsequent taxes paid after the property was described as lot No. 16. From this judgment the defendants appeal. The plaintiff, in his printed brief, complains of so much of the decision of the court as refused to give him judgment for the taxes of 1898, 1899 and 1900.

1. Upon the oral argument, the defendants objected to the consideration of the errors assigned in plaintiff's brief, on the ground that the plaintiff had not complied with the provisions of rule 35 of this court, which requires an appellee taking a cross-appeal to file his brief of errors within 30 days after service of notice of appeal upon him. It appears that the transcript in this case was filed September 21, 1906, the appellant's brief on May 1, 1907, and the plaintiff's brief on May 18, 1907. No objection as to time was made when these briefs were filed, and no motion was made to strike either brief because filed out of time, both parties proceeding to the argument without any formal objection by either. We think this was a waiver of the rule, and that the appellees are entitled to have the errors assigned in their brief considered. This was the rule under the former statute (*Meade P., H. & L. Co. v. Irwin*, 77 Neb. 391), and we do not think it has been changed by the statute of 1905.

2. We do not think the mistake of the treasurer in writ-

.ing 14.22 chains for 4.22, as appears upon the tax list, invalidates the certificate. The plaintiff is not seeking to obtain title to the land by the statutory proceedings, but to foreclose the lien. In such cases, the court will look to the statute as the foundation of the lien, and will regard no defects or objection which goes only to the manner of assessing or levying such taxes. *Otoe County v. Mathews,* 18 Neb. 466. The statute fixes the lien, and the valuation by the assessor furnishes the data from which the amount of the taxes can be ascertained by a mere arithmetical calculation, when the levies shall have been made by the proper authorities. The description upon which the assessor acted was correct, and the defendants cannot be prejudiced by a clerical mistake in the certificate of sale, when a reference to the tax books upon which this certificate was issued corrects the error.

3. The important question in the case arises from the use of the word east in the next call after the run of 80 rods, or 1,320 feet south. If this course is literally followed, it is altogether upon another governmental subdivision than that named; and, after following the next call west 45° north 4.22 chains, we are still outside of the limits of said southeast quarter of said northwest quarter. The next call is 68 rods north to the place of beginning. The defendants claim that this line must be run due north the distance indicated, and, as this would not close the survey, that there is no land at all embraced in the description. On the other hand, the plaintiff insists that, where the last call of a survey requires a return to the place of beginning, such survey must be closed, though both the course and distance given be disregarded in so doing; and that, applying the rule to this case, the last line should run to the place of beginning, though the course must be northwest, instead of north, and though the distance is greater than indicated by the survey. If we should accept this solution, we would have bounded a triangular tract in the southwest quarter of the northeast quarter, and a tract comprising perhaps a third of defendants' land. If this

is done, it follows that a portion of defendants' land has been valued and assessed with that of another proprietor. Where land owned by one person is assessed with land of another so that neither owner can determine the amount for which his property is liable, the entire tax is void. *Spiech v Tierney*, 56 Neb. 514.

4. We do not think that either of the interpretations suggested furnishes the correct solution of the question involved. "In listing land it must be described with particularity sufficient to afford the owner the means of identification, and not to mislead him. Cooley, Taxation (3d ed.), 740. And the rule would seem to be that "the designation of the land will be sufficient if it afford the means of identification, and do not positively mislead the owner or be calculated to mislead him." Ib. 745. The reason of the rule is that "such a mistake or falsity defeats one of the obvious and just purposes of the statute—that of giving to the owner an opportunity of preventing the sale by paying the tax." Ib. 747. These rules are laid down for the construction of tax deeds, which, taking effect only as the execution of a statutory power, should be construed with strictness; and it might well be argued that in an action to foreclose a lien there should be an interpretation more favorable to the validity of the taxes; but that question we do not deem it necessary to decide. In this case the defendants' land had been borne on the tax list for the years 1896 and 1897 in the name of Pasco & Murdock as a 21-acre tract in the southeast quarter of the northwest quarter of section 29. In 1898, 1899 and 1900 the description was precisely the same, except the use of the word east for the word west in one of the calls. The evidence shows that no other 21-acre tract was assessed to these parties, nor in the said southeast quarter of the northwest quarter of said section 29; and it appears that, if the defendants' land was not covered by the description in question, it escaped taxation for these years. Is it reasonable to say that the error in the description was such as to have misled the defendant had he presented him-

self at the treasurer's office and sought to pay the taxes on his 21-acre tract? Had he made any such attempt, or an examination of the tax list, it must have been obvious to him, as it is to us, that the person who copied the description from the tax list of 1897 upon the assessor's books for 1898 inadvertently substituted the word east for the word west, and that it was a mere clerical error. But this is not all. A description in a deed must be construed like any other document. If some part is inconsistent with the other parts, that which is repugnant may be rejected altogether, if sufficient remain from which the intention of the parties can be ascertained. The word east in this description is inconsistent with, first, the location of the land in the southeast quarter of the northwest quarter of said section 29; second, with the number of acres specified; and, third, with the remaining calls of the survey. If we reverse the courses, a mode which a surveyor adopts in cases of doubt, and run the last call 68 rods south from the place of beginning, and thence south 45° east 4.22 chains, we are at a point just 36 rods west of the southeast corner of the southeast quarter of the northwest quarter of said section 29, which demonstrates that the course from this corner should have been west, and not east. For cases holding that a point of the compass named in a survey may be construed to mean a different or opposite direction when it appears to have been written by clerical error, or is inconsistent with the remaining parts of the description, see *Adm'r of Barnard v. Russell,* 19 Vt. 334; *Mizell v. Simmons,* 79 N. Car. 182; *Johnson v. Bowlware,* 149 Mo. 451, 51 S. W. 109; *Warden v. Harris,* 47 S. W. (Tex. Civ. App.) 834. We are therefore of the opinion that the description, taken together, plainly shows that the course from the southeast corner of the southeast quarter of the northwest quarter of said section 29 should be west, and not east; that the word east was written for the word west by mistake, and that it should be read west. The description, so construed, is sufficient. This conclusion disposes of the objections urged by the defendants.

We therefore recommend that so much of the decree as finds the plaintiff entitled to recover for the taxes of 1901, 1902 and 1903 be affirmed, the remainder thereof reversed, and the cause remanded for further proceedings in accordance with this opinion.

AMES, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, so much of the decree of the district court as found the plaintiff entitled to recover for the taxes of 1901, 1902 and 1903 is affirmed, the remainder reversed, and the cause remanded for further proceedings in accordance with the above opinion.

JUDGMENT ACCORDINGLY.