OBADIAH HILL *& ux. versus* GILBERT NASH.

To invalidate a deed at common law, on the ground of insanity of one of the parties to it, an entire loss of the understanding must be shown. But weakness of intellect is a fact to be weighed by the jury, in determining whether the conveyance was fraudulent.

While a man is legally *compos mentis*, though of weak mind, he has the right of disposing of his property, and neither courts of law nor of equity will inquire into his wisdom, or want of it, in the disposition of it.

Where there is conflicting evidence on the question of insanity, the jury must settle the question as one of fact. Difference of opinion on this point between the Court and jury would not authorize the former to set the verdict aside.

ON MOTION FOR NEW TRIAL. From *Nisi Prius*, MAY, J., presiding.

This was an action, in a plea of land, in which the plaintiffs demanded, in right of Mrs. Hill, one of the plaintiffs, a certain lot of land. The declaration alleged seizin in Mrs. Hill within twenty years, and a disseizin by the tenant, and also contained a claim for the rents and profits for six years. The general issue was pleaded, and the following specifications of the grounds of defence were filed:—

1. Tenant did not disseize.

2. Mrs. Hill had no seizin or possession within twenty years before the commencement of the action.

3. Legal title in the heirs of Holmes Nash, deceased, and derived by conveyance from Abraham Nash, deceased, the ancestor of Mrs. Hill.

4. (As amended,) legal title in defendant, and was so at the commencement of the action, by descent from George W. Nash, his father, by whom it was derived by descent from Holmes Nash, his grandfather, the legal grantor of said Abraham Nash.

It was proved and admitted, that the title and seizin of the demanded premises were in Abraham Nash in 1835 and 1836; that he deceased in 1845 or 1849; that Mrs. Hill was one of his seven children; and that the tenant is the grandson of Holmes Nash, deceased, and the son of George W. Nash, deceased.

The verdict was for the tenant, and the demandants moved that the verdict be set aside and a new trial granted:—1. Because it was against law;—2. Against evidence;—3. Manifestly against the weight of evidence.

The main point in issue was whether Abraham Nash, at the time of the conveyance, was incompetent, by reason of mental imbecility, to make a valid transfer of the estate.

*J. A. Lowell* and *R. K. Porter*, for demandants.

1. The Courts will set aside the verdict and grant a new trial when the verdict is against the *law;* against the *evidence;* or manifestly against the *weight* of *evidence.* *Goddard* v. *Cutts & al.*, 11 Maine, 440; *Warren* v. *Gilman*, 15 Maine, 70; *Smith & al.* v. *Richards*, 16 Maine, 200; *Bank of Cumberland* v. *Bugbee & al.*, 19 Maine, 27; *Kidder* v. *Flagg*, 28 Maine, 407; *Wells* v. *Waterhouse*, 22 Maine, 131; *Thomas & al.* v. *Hatch*, 3 Sumn., 170; *Glidden* v. *Dunlap*, 28 Maine, 379; *Eveleth & al.* v. *Harmon*, 33 Maine, 275; *West Gardiner* v. *Farmingdale*, 36 Maine, 252; *Weld* v. *Chadbourn*, 37 Maine, 221; *Coombs* v. *Topsham*, 38 Maine, 204.

In Massachusetts the whole current of decisions is the same way. It is sufficient to cite a few of them. The following are among the leading cases. *Hammond* v. *Wadhams*, 5 Mass. 353; *Bryant* v. *Commonwealth Insurance Co.*, 6 Pick., 131, and same case, 13 Pick. 543; *Coffin* v. *Phœnix Insurance Co.*, 15 Pick. 291; *Cunningham & al.* v. *Magoun & al.*, 18 Pick. 13; *Davis* v. *Jenney*, 1 Metc. 221.

2. If Abraham Nash was not of sound mind, then the conveyance, although not absolutely void, was voidable, and might be set aside by him or his heirs. 2 Black. Com. 291; 2 Kent's Com. (4th ed.) 451; 2 Kinne's Law Comp. 133; 1 Bouv. Law Dic. 510; 2 Greenl. Ev. § 369, 370; and various other citations.

*G. F. Talbot*, for respondent.

APPLETON, J.— On the 12th of December, 1836, Abraham Nash conveyed to Holmes Nash, under whom the defendant derives his title, the premises in dispute. The deed is sought

Hill *v.* Nash.

to be set aside on the ground of mental imbecility in the grantor at the time of the conveyance.

"A person being of weak understanding, is not, of itself, any objection in law to his disposing of his estates, if he be legally *compos mentis;* whether wise or unwise, he is the disposer of his own property; and his will stands as reason for his actions. Neither courts of law nor equity examine into the wisdom or prudence of men in disposing of their estates. The rules of judging of insanity are the same in courts of equity as in courts of law." Shelford on the law of Lunatics and Idiots, 267.

In *Jackson* v. *King,* 3 Cow. 207, the facts very much resembled those in the case at bar. In that case it was held that to affect a deed at common law, an entire loss of the understanding must be shown, but that weakness of intellect is a fact to be weighed in determining whether the conveyance was fraudulent or not.

It was held, in *Beals* v. *See,* 10 Barr. 56, that an executed contract for the purchase of goods, before the day from which the inquest finds the vendee to have been *non compos,* cannot be avoided by proof of insanity at the time of the purchase, unless there has been a fraud committed on him by the vendor, or he had knowledge of his condition.

The intellectual capacity of the grantor and the circumstances attending the conveyance were submitted to the decision of the jury, with instructions to which no exceptions have been taken. There was conflicting evidence before them, the force and effect of which was for their consideration. The Court might have come to a different conclusion as to the weight of evidence. To set aside a verdict for such a cause merely, would be to withdraw the final determination of facts from the jury and transfer that duty to the Court.

The jury have settled the facts in the case, and no sufficient reason is perceived for disturbing their decision.

*Motion overruled.—Judgment on the verdict.*

TENNEY, C. J., and HATHAWAY, MAY, and GOODENOW, J. J., concurred.