Harte v. Castetter.

JOHN H. HARTE, RECEIVER, APPELLEE, V. ABRAM CAS-
    TETTER ET AL., APPELLEES, IMPLEADED WITH
    CHARLES A. HARVEY, APPELLANT.

FILED JANUARY 2, 1894.   No. 6166.

1. **Motion to Dismiss Appeal: NOTICE.** A motion filed in this
    court to dismiss an appeal, on the ground that the appellant
    has drawn from the clerk of the district court the money awarded
    him by the decree sought to be reviewed, will be heard, not-
    withstanding notice of said motion was not served on the oppo-
    site party until after the expiration of the time prescribed by
    the rules of this court for serving briefs in the case, when it
    appears appellee had no notice or knowledge of the facts upon
    which the motion was based before the briefs were due.

2. ———. Rule 8 *held* not to apply to such a motion.

3. **Acceptance by Appellant of Benefits of Decree: DIS-
    MISSAL OF APPEAL.** A party who, after appealing from a
    decree in his favor, voluntarily accepts the benefits, or receives
    the advantage, of the decree is thereby precluded from after-
    wards prosecuting his appeal.

MOTION to dismiss appeal from a decree of the district
court of Washington county, and motion to strike the mo-
tion to dismiss from the files. Heard below before SCOTT,
J. *Appeal dismissed.*

*Switzler & McIntosh,* for appellant.

*De France & Richardson, E. Wakeley, B. G. Burbank,
Charles Offutt, L. W. Osborn, W. E. David, W. C. Walton,
J. W. West, John O. Yeiser,* and *Jesse T. Davis,* for ap-
pellees.

NORVAL, J.

On September 30, 1893, appellees filed in this court a
motion to dismiss the appeal, on the ground that after the
rendition of the decree sought to be reviewed the appellant

Charles A. Harvey received and accepted the benefits of said decree. Subsequently appellant filed a motion to strike from the files the motion to dismiss the appeal, alleging that said motion was not filed in this court until Saturday, the 30th day of September, 1893, and that notice of said motion was not served in time, either upon the appellant or his attorneys.

The cause was submitted upon the motions. We will first pass upon appellant's motion to strike.

It is insisted that the motion to dismiss the appeal comes too late, inasmuch as the same was not filed, nor was notice thereof served upon either the appellant, or his attorney, until after the time fixed by rule 9 of this court, for serving briefs in said cause, had expired. Appellant relies upon rule 8, which declares that "neither motions to dismiss, unless for the want of prosecution, nor to strike a bill of exceptions, will be heard, unless notice thereof shall be served upon the opposite party, or his attorney, or the attorney who tried the cause for him in the trial court, at or before the expiration of the time for serving briefs in the case." While the language just quoted will justify the construction placed thereon by appellant, namely, that no motion to dismiss a cause out of this court, except for want of prosecution, will be entertained, where notice of such motion is not served prior to the expiration of the time specified in rule 9 for serving briefs, it was never contemplated that the rule should be held applicable to motions to dismiss, like the one in this case, based upon matters *dehors* the record, but rather to motions to dismiss, framed to take advantage of mere errors, defects, and irregularities, not affecting the jurisdiction of the court, appearing upon the face of the record itself. To hold that the rule applies to every motion to dismiss, except for failure to prosecute the cause, would preclude this court from hearing a motion to dismiss a petition in error or appeal where the transcript of the judgment sought to be reviewed

is not filed in this court within the time prescribed by statute, unless notice of the motion has been served before the expiration of the period for serving briefs; yet this court has frequently dismissed proceedings in error and appeals because not taken in time, although the motion therefor was not made until after the service of the brief of the plaintiff in error or appellant. Suppose, after an appeal is perfected in this court and the briefs on both sides are prepared and served, the appellant accepts the benefits of the decree, or the parties settle the controversy. Would not the court, on the motion, and against the will of the other party, dismiss the appeal for that reason, notwithstanding the provisions of the rule of this court under consideration? To suggest the question is to evoke an affirmative answer. This court will not knowingly sit to hear a cause where it satisfactorily appears that the subject-matter of the suit has been settled, or where the party seeking a reversal of a judgment has accepted the money awarded him by the trial court. The case at bar, in principle, does not differ from the supposed case. Here the ground of the motion to dismiss is that appellant has received the amount found due him under the decree. It appears that neither the appellees nor their attorneys had any actual notice or knowledge that the money had been drawn by appellant until after the convening of the last term of this court, and after the time for serving briefs had elapsed. The fact that the receipt of the attorneys for appellant for the money was filed with the clerk of the district court long after the rendition of the decree does not amount to actual notice. Appellees were not bound to examine the records and files of the lower court to ascertain whether the money had been received by appellant. Appellees were diligent in filing their motion to dismiss after the discovery of the fact upon which the same is based. Appellant's motion to strike must be overruled.

As to the motion to dismiss, it may be stated as a gen-

eral rule that a party who accepts the benefit of a decree waives the right to prosecute an appeal from it. This principle has been declared and enforced by this court in the following cases: *Hamilton County v. Bailey,* 12 Neb., 56 ; *Gray v. Smith,* 17 Neb., 682; *Saxon v. Cain,* 19 Neb., 488, 492. The same doctrine has been asserted too frequently by other courts to be longer questioned. (*Babbitt v. Corby,* 13 Kan., 612; *Rasure v. McGrath,* 23 Kan., 597; *Babcock v. Banning,* 3 Gil. [Minn.], 123; *Mississippi & M. R. Co. v. Byington,* 14 Ia., 572; *Borgalthous v. Farmers & Merchants Ins. Co.,* 36 Ia., 250; *School District of Altoona v. District Township of Delaware,* 44 Ia., 201; *Cogswell v. Colley,* 22 Wis., 399; *Flanders v. Merrimac,* 44 Wis., 621; *Smith v. Coleman,* 46 N. W. Rep. [Wis.], 664; *Newman v. Kizer,* 26 N. E. Rep. [Ind.], 1006; *Glackin v. Zeller,* 52 Barb. [N. Y.], 147; *Bennett v. Van Syckel,* 18 N. Y., 481; *Knapp v. Brown,* 45 N. Y., 207; *Murphy v. Spaulding,* 46 N. Y., 556; *People v. Mills,* 109 N. Y., 69; *Murphy v. United States,* 104 U. S., 464; *Neal v. Field,* 68 Ga., 534; *Cassell v. Fagin,* 11 Mo., 208; *Smith v. Jack,* 2 Watts & S. [Pa.], 103; *Laughlin v. Peebles,* 1 Pen. & W. [Pa.], 114; *Hall v. Lacy,* 37 Pa. St., 366; *Gibson v. Hale,* 57 Tex., 405.)

It would be manifestly unjust to permit a party who has accepted the fruits of a decree, by taking all the money the decree gives him, to prosecute his appeal. A party who is dissatisfied with a decree in his favor should have the same reviewed by proper proceedings. He has the option to do that, or to proceed to enforce the decree and receive the benefits therefrom; but he cannot pursue both, since one course is inconsistent with the other. The acceptance of the money found due by a decree must be deemed an abandonment of an appeal previously taken. This view is fully sustained by the foregoing authorities.

Does this case fall within the rule above stated? The record shows that on the 5th day of December, 1892, a decree was rendered in this cause in the district court of

Washington county, distributing certain moneys in contro-
versy among the numerous parties to the action.   A por-
tion of said fund was awarded to Charles A. Harvey, one
of the defendants therein, and the remainder was distrib-
uted between the other parties.   Harvey being dissatisfied
with the sum given him by the decree, appealed the cause.
All of the parties, unless it be Harvey, have drawn from
the clerk of the district court the full amounts due them
under the decree.   On the 30th day of December, 1892,
Messrs. Switzler & McIntosh, attorneys for appellant, sent
to the clerk of the district court a letter, a copy of which
is as follows:

"WARREN SWITZLER.               JAMES H. McINTOSH.

"SWITZLER & McINTOSH, ATTORNEYS AT LAW,
"NEW YORK LIFE INSURANCE BUILDING,
"OMAHA, NEB., Dec. 30, 1892.

"*Clerk District Court Washington County, Blair, Ne-
braska.*—DEAR SIR: Kindly send us check for any moneys
in your hands as clerk of the county available for payment
to our client, Charles A. Harvey, in his claim against
Washington county, In re Richards & Company in litiga-
tion in Harte, receiver, etc., v. Castetter et al., and this
letter, together with your canceled check, will be your re-
ceipt for the same, and greatly oblige,
       "Yours truly,      SWITZLER & McINTOSH."

In compliance with said letter the clerk of the district
court sent to Messrs. Switzler & McIntosh on December
31, 1892, his check on the Blair State Bank, payable to
their order, for $850.84, which was received by appellant's
attorneys, and they received the money thereon.   Counsel
for appellant insist that they did not receive or accept any
money under the decree.   The money in litigation had been
paid to the district clerk prior to the trial in the court be-
low to abide the decision of the court.   On the trial a por-
tion of the fund was found due, and decreed appellant.

Harte v. Castetter.

In view of these facts, the only construction that we can place upon the letter above alluded to, and the receiving of the money on the check, is that the $850.84 was drawn in pursuance of the terms of the decree. Moreover, the clerk of the district clerk testifies that the money was so paid, and there is not a scintilla of testimony to the contrary.

But it is said that appellant did not receive, and was not sent, the full amount allowed him by the decree. The only evidence offered on this point is that given by the clerk of the district court, who, in his testimony, states that: "I mailed a check to said attorneys (Switzler & McIntosh) in compliance with their request, for $850.84, the amount due Harvey under said decree." From the foregoing it would seem that appellant has been paid all he was entitled to by the decree, but whether he has or has not, in our view, is quite immaterial. The doctrine that a party who accepts the benefit of a decree in his favor waives the right to prosecute an appeal, is not limited in its application to those alone who have accepted the full amount awarded, but applies as well where there has been part acceptance. A party, by voluntarily accepting under a decree a portion of the amount found due him, thereby as fully and completely recognizes the validity of the decree as if he had drawn the full amount allowed him. If appellant desired to prosecute his appeal, he should not have accepted any portion of the fund paid into court, which was adjudged to be his. He was not compelled to accept the money, but could have allowed it to remain with the clerk of the district court until his appeal was decided. The acceptance of the money, under the circumstances disclosed by this record, precludes appellant from challenging the correctness or validity of the decree. The appeal therefore must be

DISMISSED.