GILBERT D. HENDRIX, ADMINISTRATOR, APPELLANT, V.
GEORGE L. RICHARDS ET AL., APPELLEES.

FILED FEBRUARY 23, 1899.   No. 8718.

1. **Guardian and Ward:** TRANSFER OF PERSONALTY. A transfer of the
personal property of a minor by his guardian must be authorized
or directed by the proper court of probate.

2. ———: ———. A guardian of a minor, to whom a note and its
accompanying mortgage were made payable, resigned the
guardianship and his successor was appointed. The outgoing
one retained the note and mortgage and delivered to the incom-
ing one a sum of money and some personal property in lieu
thereof, or as a consideration for the retention by the former of
the note and mortgage. In the absence of evidence that the
ward received the benefit of said money and property, *held* that
the attempted transfer of the note and mortgage was not ef-
fective.

3. ———: MORTGAGES: PAYMENT. Parties who had purchased the land
on which the mortgage herein in question rested as a lien, sub-
sequent to the resignation of the guardian who retained it in
his possession, and who had knowledge of his resignation and
who had an examination of the probate records made which
disclosed no order of the court for the transfer, paid said former
guardian the amount due on the debt evidenced by the note and
the mortgage. *Held,* That said payment furnished no forceful
defense against an action by an administrator of the deceased
ward's estate in which a foreclosure of the mortgage was sought.

APPEAL from the district court of Cass county. Heard
below before RAMSEY, J. *Reversed.*

*D. O. Dwyer,* for appellant.

*A. N. Sullivan, contra.*

HARRISON, C. J.

It is disclosed by the record herein that Charles H.
Dill, who was then the duly appointed guardian of Otis
M. Hendrix, sold, under order of the district court of
the proper county, an interest of his ward in a piece of
real estate, and to secure the payment of all or a portion

of the sum bid for such interest in the real property—
the debt being evidenced by the promissory note of the
purchaser—received a mortgage on real property.   Sub-
sequently, Charles H. Dill resigned or withdrew from the
guardianship and George H. Hendrix was appointed.
The mortgaged land was sold to George L. and Otis C.
Richards, who are the appellees herein, and they assumed
and agreed to pay the mortgage debt, and they asserted
in the answer in this action that they paid it to Charles
M. Dill, but after he had ceased to be the guardian of
Otis M. Hendrix.   Dill, however, released the mortgage
of record at time of the alleged payment and, apparently
as guardian, he signed the discharge.   Both George B.
Hendrix, the guardian, and Otis M. Hendrix, the ward,
died and Gilbert D. Hendrix was appointed administra-
tor of the estate of the latter, and in the course of his
duties instituted this suit to procure a foreclosure of the
mortgage on the land owned by the Richards.   They
pleaded payment, that to Charles H. Dill being the one
relied upon.   Charles H. Dill was allowed to become a de-
fendant, and in an answer admitted his appointment as
guardian of Otis M. Hendrix, the sale of his ward's in-
terest in certain land, and the reception of the note and
mortgage in suit as evidence of a part of the consideration
to be paid for the real estate; that he afterwards resigned
the guardianship and was released therefrom and his
successor appointed, to whom he pleaded he paid full
value for the note and mortgage and thus became their
owner.   There was evidence which tended to establish
that, instead of delivering the note and mortgage to his
successor as guardian, he gave such party some money
and some articles of personal property and kept the note
and mortgage.   It was also of Dill's answer that the
Richards had paid to him the amount due on the note
and mortgage and he released the latter of record.   Is-
sues were joined, and a trial thereof resulted in a judg-
ment for the defendants, from which the plaintiff has
appealed.

In regard to the duties of a guardian it is said in section 8, chapter 34, Compiled Statutes 1897: "Every guardian appointed  *  *  *  shall have the care and management of the estate of the minor;" and of the conditions of the bond which it is prescribed a guardian shall give is, "To dispose of and manage all such estate and effects according to law, and for the best interests of the ward." (Compiled Statutes 1897, ch. 34, sec. 9.) In section 27 of the same chapter it is provided as follows: "The courts of probate in their respective counties, on the application of a guardian, or of any person interested in the estate of any ward, after such notice to all persons interested therein as the court shall direct, may authorize or require the guardian to sell and transfer any stock in public funds, or in any bank or corporation, or any other personal estate or effects held by him as guardian, and to invest the proceeds of such sale, and also any other moneys in his hands, in real estate, or in any other manner that shall be most for the interest of all concerned therein, and the said court may make such further orders and give such directions as the case may require for managing, investing, and disposing of the estate and effects in the hands of the guardian." A fair construction of the foregoing language leads to the conclusion that if the guardian desires to dispose of the ward's property of the nature described in the law, he must submit the matter to the proper probate (county) court and obtain its order that it be done. The words of the section are "may authorize or require," and the meaning seems perfectly clear; a sale or transfer of the property of the ward must be by the authorization of the court. (*Boisseau v. Boisseau*, 52 Am. Rep. [Va.] 616; *McDuffie v. McIntyre*, 32 Am. Rep. [S. Car.] 500; *Slusher v. Hammond*, 63 N. W. Rep. [Ia.] 185; *Bates v. Dunham*, 12 N. W. Rep. [Ia.] 309.)

The guardian knew or must be charged with notice that the note and mortgage could not be transferred without the order of the probate court and were held in trust for the ward; furthermore, there was no evidence

that the money and property alleged to have been given in consideration for the transfer were properly used or applied or went to the benefit of the ward.   In absence of evidence of the latter fact, equity cannot relieve the parties or sanction the acts as not having resulted in any harm.   (*McDuffie v. McIntyre, supra.*)   The appellees, the Richards, knew that the securities were trust securities, that Dill had held them as guardian, and, prior to the payment to him, his guardianship, his trust relation, had ceased.   It was also shown that they knew that no sale or transfer of this note and mortgage had ever been ordered by the county court.   It was stated in evidence that they had the probate records examined, and were told that the transaction was all right; but no order for the transfer appeared of record, and it was not shown herein that any had in fact been made.   It is not contended that there had been any.   Under such circumstances the Richards made the payment at their peril and must abide the consequences.   The ward, or the administrator of his estate, could foreclose the mortgage as the proper owner thereof.   (9 Am. & Eng. Ency. Law 148, 149.)   It follows that the judgment of the district court must be reversed and a decree entered here of foreclosure of the mortgage for the amount due thereon.

JUDGMENT ACCORDINGLY.