## CHARLES WESTON, AUDITOR, ET AL. v. WILLIAM J. FALK.[*]

FILED NOVEMBER 6, 1902. No. 12,487.

Allowance of Claim by Auditor in Part: ACCEPTING WARRANT: WAIVER. When a claim against the state is allowed in part by the auditor, if the claimant accepts a warrant drawn for the part allowed he thereby waives his right of appeal.

[*] Rehearing denied. See opinion, p. 202, *post*.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Reversed.*

The facts appear in the opinion.

*Frank N. Prout, Attorney General, Norris Brown* and *William B. Rose,* for plaintiffs in error.

*Willis P. McCreary* and *W. F. Button* (*John C. Stevens,* on motion for rehearing), *contra.*

SEDGWICK, J.

This is a proceeding in error brought by Charles Weston, auditor of public accounts, and George W. Marsh, secretary of state, on behalf of the state, from an order made by the district court for Lancaster county requiring the auditor and secretary of state to allow and approve a claim and draw a warrant in favor of defendant in error, Falk, for the sum of $2,916.83. The defendant in error presented to the auditor a claim against the state for the sum of $8,750.50 for supplies alleged to have been furnished the state for the use of the inmates of the asylum for the insane located at Hastings. A hearing was had on this claim before the auditor, at which evidence was taken. The auditor thereupon, and by recommendation of the state board of supplies, allowed the claim in the sum of $5,833.67, and disallowed it in the sum of $2,916.83. The auditor issued a warrant for the amount allowed and the defendant in error accepted the warrant and then took an appeal from the decision of the auditor to the district court for Lancaster county, and upon hearing in that court a judgment was entered directing the auditor and secretary of state to allow and approve the remainder of the claim, $2,916.83, and to draw a warrant therefor. From this judgment of the district court the state prosecutes error to this court.

The question is, can the claimant accept a warrant for the amount allowed him by the decision of the auditor and

then appeal from that decision? In *Hamilton County v. Bailey*, 12 Nebr., 56, it was held that: "Where an account is filed with the board of county commissioners and allowed in part, and a warrant, drawn for the sum thus allowed, is accepted by the claimant, he thereby waives his right of appeal." And the court said: "He can not accept the amount awarded to him by an order or judgment, and thereby receive the benefit of the same and appeal from such order or judgment. *Independent District of Altoona v. District Township of Delaware*, 44 Ia., 201; *Mississippi & M. R. Co. v. Byington*, 14 Ia., 572; *Borgalthous v. Farmers & Merchants' Ins. Co.*, 36 Ia., 250. But even if an appeal would lie it is impossible to review the finding of the county commissioners or district court. The items of the account are not given, and there is no testimony showing what items were rejected and what allowed." But it is urged that the case at bar should be distinguished because of the difference in the wording of the statute applicable thereto. Section 2 of article 8 of chapter 83 of the Compiled Statutes of 1901* provides: "The auditor of public accounts shall keep a record of all claims presented to him for examination and adjustment, and shall therein note the amount of such claim as shall be allowed or disallowed, and in case of the disallowance of all such claims, or of any part thereof, the party aggrieved by the decision of the auditor and secretary of state, may appeal therefrom to the district court of the county where the capitol is located, within twenty days after receiving official notice." The claim originally consisted of many items, and it does not appear that the auditor specified what items of the claim were allowed and what items disallowed, in his decision. So that upon the appeal the district court acted upon the same claim that was considered by the auditor. The court must try the same questions that were tried by the auditor, and determine how much should be allowed upon the whole claim, so that the theory of the defendant in error must

---

* Cobbey, Annotated Statutes, sec. 10887.

be that when the court, upon his appeal, ascertains how much is due upon his claim, if such amount is greater than the amount already received, the court should give judgment in his favor for the difference; but if the amount found by the court should be less than the amount the claimant had received, he retains what he has and the matter is ended. As plain a case of speculation on the action of the court as could be imagined. Such a construction will not be given the statute unless it is unavoidable. The statute provides that the district court shall require the auditor to issue a warrant "for such an amount as shall be determined upon a trial of such appeal to be legally due thereon." Sec. 3. This seems to mean that the court shall investigate the claim of plaintiff and direct the allowance of such amount as is legally due, without regard to the finding of the auditor. The statute also provides (sec. 5) that when a claim has been in part allowed by the auditor, a warrant shall be drawn as in other cases where the whole claim shall be allowed. But this can not be construed as meaning that the claimant may accept this warrant, and then prosecute an appeal from the auditor's decision. The warrant is drawn, but not issued by the auditor unless the claimant desires to accept it as a final settlement of his claim. There is no occasion to require the auditor to hold the warrant until the time for appeal has elapsed, as in the case of appeal from the county board, since there is no one to appeal but the claimant, and he may elect to reject the warrant and appeal, or accept the warrant in full settlement of his claim. If he accepts the warrant it is a final determination of the matter. If he desires to have his case retried, he is not obliged to accept the warrant. This provision of the statute simply means that if the auditor allows the claim, or any part of it, the claimant is entitled to his warrant therefor. This is the only construction of the statute that will not lead to absurd conclusions. See *Murphy v. United States,* 26 L. Ed., 833. In *Huffman v. Ellis,* 52 Nebr., 688, this court said: "Furthermore, the right of appeal from a judgment is a statutory right, and in the

absence of an express law authorizing a party to appeal from a part of a judgment rendered, an appeal, when taken, should be held to bring up the whole case." The auditor determines the whole of the plaintiff's claim. He allows a part and disallows a part. By the express words of the statute, it is the decision of the auditor from which the appeal is allowed. This decision embraces that part of the claim which is allowed as well as that part which is disallowed. It seems to be clearly within the rule of this court above quoted.

The judgment of the district court is reversed, and the cause remanded, with instructions to dismiss the appeal.

REVERSED AND REMANDED.

The following opinion on motion for a rehearing was filed January 21, 1903. *Rehearing denied.*

Allowing Claim by Auditor in Part: ACCEPTING WARRANT: WAIVER. Upon motion for rehearing, the former opinion is adhered to.

SEDGWICK, J.

Upon the motion for a rehearing in this case, it is urged that the claimant did not waive his right of appeal by accepting the warrant issued by the auditor, because it was not possible that the claimant could have recovered less on his appeal than had already been allowed by the auditor; and in his brief upon the motion, special attention is called to the case of *Tyler v. Shea*, 61 N. W. Rep. [N. Dak.], 468. That case seems to state the rule generally adopted by the authorities. In the opinion it is said: "The rule is well settled that one can not accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and can not possibly be affected by the reversal of the judgment. * * * It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unim-

paired by the acceptance of benefits under the judgment appealed from. * * * The appellant waived his right to appeal if he obtained any benefit under the judgment which on the appeal may be taken from him."

The argument that appellant in this case did not, by accepting the warrant, obtain any benefit under the decision of the auditor, which on his appeal might be taken from him, is based upon the following propositions:

1. The board of public lands and buildings recommended an allowance of two-thirds of the amount claimed, and the auditor and secretary of state adopted the recommendation, and "allowed the claim at 66⅔ per cent. or $5,833.-67," and the auditor notified the claimant to appear and receive said amount of money. It is insisted that this is an admission by the auditor that the sum named is due from the state to the defendant on his claim, and that the state desired to pay him said sum thus due. But we do not see how these circumstances can have the effect claimed for them. It was the duty of the auditor to make a decision upon the claim, and the recommendation of the board of public lands and buildings was not binding upon him in making his decision. So far as these acts of the board and of the auditor were within the authority conferred upon them by the statute, they were steps taken in the hearing and determination of the matter before them. It was necessary to reach a conclusion as to the amount due the claimant, and when that was done, a decision based upon such conclusion was the necessary result; but as shown in the former opinion herein, neither the conclusion, nor the decision based thereon, are binding upon the court to which the appeal was taken. It was the duty of the court to investigate the claim *de novo*, and determine the amount due the claimant, without regard to the finding and decision of the auditor.

2. After the appeal had been taken to the district court for Lancaster county from the decision of the auditor, issues were made up in the district court, and in the answer filed on behalf of the state it was admitted "that all

the goods purchased by the state from plaintiff aggregated at the price fixed in the contract the sum of $5,833.67, and no more." These admissions in the answer, it is insisted, preclude the state from obtaining any better decision in the district court than the one appealed from, and it is urged that this brings it within the rule above quoted from the supreme court of North Dakota. It will be remembered that the claimant accepted his warrant before his appeal from the decision of the auditor was taken, so that at the time of taking his appeal he had already accepted the full amount allowed him by the auditor, and at that time the state was clearly not estopped in any way by the prior proceedings to deny in the appellate court its liability to the claimant. His appeal removed the whole question of the state's liability to the district court, and it will not do to say that the amount allowed by the auditor was clearly due, and the evidence to support it so overwhelming that the claimant could not possibly recover a smaller sum in the district court, since that was the very question to be tried. That was the question which the claimant, by his appeal, removed to the district court for adjudication. It does not fall within the principle illustrated in the case supposed in *Tyler v. Shea, supra.* If, in a suit on account, the defendant admits in his answer the plaintiff's claim, as stated in his petition, and for a defense sets up a counter-claim, which is smaller than the plaintiff's claim, and, after trial of that issue, an appeal is taken to the higher court, no new issues can be introduced; but the case in the higher court must be tried upon the issues as made in the lower court, and therefore the excess of the plaintiff's claim, over and above the defendant's counter-claim, is not, and can not be, in dispute in the appellate court. The only question that can be tried in the appellate court is upon the defendant's counter-claim, and therefore the plaintiff, by accepting the excess of his claim above the defendant's counter-claim, does not waive his right of appeal from the decision of the court upon the counter-claim. But this is not true in the case at bar. There were no

formal pleadings before the auditor; none were required. The issues therein tendered are upon the claim as filed with the auditor, so that the appeal from his decision removed the whole question to the district court for a trial *de novo*, and there was nothing in the record at the time the claimant appealed that would enable him to limit his appeal, or prevent the removal of the whole matter to the district court. The state might set up a defense to the whole claim in the district court. If afterwards, in the further progress of the case, such defense was not made, whether the failure of the defense was in the pleadings or in the evidence, such failure would not cure the error of the district court in entertaining the appeal. It can not be said that the appeal was taken in a case in which the appellant could not, in any event, recover less than had been allowed him by the auditor.

3. This case was heard in the district court upon a demurrer to the reply which the claimant filed to the answer of the stat^. This demurrer to the reply was overruled, and from that ruling error was prosecuted to this court. The reply alleged:

"At this time the transcript of appeal had been made out by the said auditor as to the disallowance of the $2,916.83, and when said auditor asked this plaintiff to sign the voucher for the $5,833.67, he refused to accept the warrant for said amount, and sign the voucher therefor, until assured by said auditor that his doing so would in no manner affect his right of appeal as to the disallowance of the $2,916.83, and after the auditor had scratched out in the regular form of vouc...er the word 'full' and plaintiff had written therein 'said amount received by me under protest,' meaning thereby that it was an amount simply to apply on plaintiff's claim, and it being so understood by both said auditor and this plaintiff, and relying on said auditor's assurance that the transaction would in no manner affect plaintiff's right under his appeal in the disallowance of the $2,916.83, plaintiff signed said voucher on the 26th day of September, 1901, and took said warrant to

apply on his said account, and had it not been for said understanding, that the taking of said warrant, and the signing of said voucher was to be without any prejudice to plaintiff's right to this appeal, he would not have accepted same and would not have signed said voucher, and this, said auditor well knew at the time."

And these facts being admitted by the demurrer, it is insisted, accepting the warrant under such circumstances would not waive the right of appeal. So far as this claim is based upon the proposition that these representations on the part of the auditor would fix the amount due claimant, so that the amount allowed by the auditor could not, in any event, be diminished by the adjudication of the district court, we think it is fully answered by the foregoing suggestions.

4. It is contended that the foregoing facts stated in the reply, and admitted by the demurrer, amount to an "agreement at the time the money was paid by the auditor to Falk, that it should in no manner affect his right to the appeal as to the $2,916.83," and "that even were it the law, that without such an agreement Falk would have waived his right to appeal, such waiver is a mere personal privilege to the state, and by the agreement was clearly waived." In other words, though the claimant, by his action in accepting the warrant, waived his right of appeal, the state, by its auditor, agreed not to insist upon such waiver, and is now bound by that agreement. And the case of *Minneapolis Harvester Works v. Hedges,* 11 Nebr., 46, 48, is cited, in which it was held that the right to object to an attempted appeal by a defendant in justice court who has made no appearance in the case before the justice, may be waived by the plaintiff, and is so waived by agreement between the plaintiff and defendant, made after the judgment by default, to the effect that the case shall be docketed in the district court and there tried. The court said: "This is a mere personal privilege, and may be waived. The court has jurisdiction of the subject-matter, and the parties may without objection appear and litigate the mat-

ters in controversy, and will be bound by the judgment." If this is a sound principle, and applicable to the facts in that case, it would not appear to determine the question here presented. The power to entertain and adjudicate claims against the state is given the district court by the statute. The court has no general original jurisdiction of such claims. Such jurisdiction can not be conferred by the parties. It is appellate, and can be acquired only upon strict compliance with the statutory provisions. Without such compliance, the court has no jurisdiction of the subject-matter. If such jurisdiction could be conferred by agreement, the auditor, from whose decision the appeal is taken, would not be authorized to make such agreement on the part of the state. When his decision has been made, he has nothing further to do with the matter. The allegations of the reply do not show an agreement on the part of the auditor, they merely show representations to the appellant as to the auditor's view of the effect of accepting the warrant on the part of the appellant. If the appellant relied upon these representations, he did so upon his own responsibility, and the state is not bound thereby.

The motion for rehearing is overruled.