GEORGE W. MCKEE, APPELLANT, v. ERWIN GOODRICH, APPELLEE.

FILED MAY 21, 1909.  No. 15,727.

**Appeal: ESTOPPEL.** A party, who by execution collects and receives so much of a judgment for costs as is in his favor, waives his right to prosecute error from the part thereof which is against him.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*A. S. Moon,* for appellant.

*A. M. Robbins* and *H. A. Robbins, contra.*

BARNES, J.

Action in replevin in justice court to recover the possession of three hogs. The property was taken by the officer and delivered to the plaintiff. There was a verdict

and judgment for the plaintiff for the possession of two of the hogs, and verdict and judgment for the defendant for the return of the other hog. On motion to retax the costs, plaintiff recovered a judgment against the defendant for his costs, and defendant recovered judgment against the plaintiff for the amount of his costs. The plaintiff had an execution issued, and collected his costs from the defendant, and thereafter prosecuted error to the district court from so much of the order and judgment of the justice as taxed the defendant's costs against him. It appearing from the amended transcript that the plaintiff had availed himself of so much of the judgment as awarded him costs against the defendant by suing out execution and collecting the same, the district court dismissed the error proceeding, and from that judgment the plaintiff has appealed.

Several questions are presented by the record, but it will only be necessary to consider one of them in order to correctly dispose of the case. The rule is well established in this jurisdiction that a party who voluntarily accepts the benefits or receives the advantage of a judgment or decree of the trial court is thereby precluded from afterwards prosecuting error or appeal. *Harte v. Castetter*, 38 Neb. 571. It is contended, however, that the rule above stated does not apply to the facts of this case, because the plaintiff only enforced so much of the judgment as was in his favor, and that this does not preclude him from appealing from so much of the judgment as was against him. In the case above cited the same contention was made, but the court said: "The doctrine that a party who accepts the benefit of a decree in his favor waives the right to prosecute an appeal is not limited in its application to those alone who have accepted the full amount awarded, but applies as well where there has been part acceptance. A party, by voluntary accepting under a decree a portion of the amount found due him, thereby as fully and completely recognizes the validity of the decree as if he had drawn the full amount allowed

him. If appellant desired to prosecute his appeal he should not have accepted any portion of the fund paid into court which was adjudged to be his. He was not compelled to accept the money, but could have allowed it to remain with the clerk of the district court until his appeal was decided. The acceptance of the money, under the circumstances disclosed by this record, precludes appellant from challenging the correctness or validity of the decree."

It may be said with equal force in the case at bar that the plaintiff cannot accept and enforce so much of the judgment as is favorable to himself and appeal from that part of it which is against him. He may enforce the judgment so far as it benefits him; but, if he recognizes its validity to that extent, he cannot question any part of it. If it was his desire to prosecute error from the judgment of the justice of the peace, he should not have taken out an execution and enforced the judgment as against the defendant. This case is clearly distinguishable from *Weston v. Falk,* 66 Neb. 198, and *Meade P., H. & L. Co., v. Irwin,* 77 Neb. 385, and hence they are distinguished herein.

The district court properly held that plaintiff had waived his right to prosecute error, and the judgment below is

AFFIRMED.

FAWCETT and DEAN, JJ., not sitting.