Coe v. Nebraska Building & Investment Co.

---

C. D. COE, GUARDIAN, APPELLEE, V. NEBRASKA BUILDING & INVESTMENT COMPANY, APPELLANT: F. B. BAYLOR, TRUSTEE, INTERVENER.

May 15, 1923.  No. 22372.

1. **Parties.** A person with whom or in whose name a contract is made for the benefit of another may bring an action without joining with him the person for whose benefit it is prosecuted. Comp. St. 1922, sec. 8528.

2. **Insane Persons:** CONVEYANCES: RATIFICATION. "Neither the county court, nor a person under guardianship because of insanity, nor the guardian of the latter, nor all together, can ratify or confirm a conveyance of lands by the ward made previous to the guardianship but while he was insane." *Gingrich v. Rogers*, 69 Neb. 527.

3. **Guardian and Ward:** SALE OF PERSONALTY. In Nebraska, the guardian may not sell personal property of a ward except under order of the court and after due and proper notice. Comp. St. 1922, sec. 1603.

4. **Contracts:** AVOIDANCE: MENTAL CAPACITY. Imbecility or weakness of mind to such a degree as to render one incapable of understanding and protecting his own interests will avoid his contracts or conveyances.

5. **Evidence** examined, and *held* sufficient to sustain the verdict of the jury.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Doyle, Halligan & Doyle* and *Good & Good,* for appellant.

*C. M. Skiles,* for appellee.

*F. B. Baylor* and *Johnson, Moorhead & Rine,* for Baylor, Trustee.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

ALDRICH, J.

Action at law brought by C. D. Coe as guardian of the estate of Fannie E. Griggs, insane, against the Nebraska Building & Investment Company to recover $44,245, for stock purchased by Fannie E. Griggs in the defendant company. Plaintiff's amended petition, filed February 16, 1921, alleged, among other things, that Fannie E. Griggs was adjudged insane August 10, 1920, and committed to the state hospital for insane at Lincoln on that date; alleged the appointment on September 4, 1920, of C. D. Coe and his qualification as her guardian; alleged further, in substance, that through fraudulent representations of defendant's agents and salesmen she, being insane at the time, was induced to purchase 411 shares of 7 per cent. preferred stock in the defendant company at $100 a share, part purchased in March, 1917, part in September, 1918, with the agreement of the company that the money paid could be withdrawn within one year and 30 days; that because of fraud practiced upon her by the defendant company, its agents and officers, and because she was mentally incompetent at the times of the transactions, and because of the promises of defendant, its manager and president and other agents to return the money paid by her, the defendant company was liable in the sum of $44,245, for which judgment was prayed.

Coe v. Nebraska Building & Investment Co.

Defendant attacked the petition by motions, demurrers, and plea in abatement, all of which were overruled by the trial court. Issues were framed by plaintiff's petition, the defendant's answer, and plaintiff's reply on the question of the insanity of Fannie E. Griggs and of fraud practiced by defendant. The case was tried to a jury resulting in a verdict in plaintiff's favor for the sum of $43,410.72. Judgment was entered accordingly and defendant, Nebraska Building & Investment Company, appeals. The action was dismissed as to the other defendants, officers and agents of the company.

In Nebraska, the guardian may not sell personal property except under order of court and after due notice. In support of this, see *Hendrix v. Richards*, 57 Neb. 794.

Was the ward, Fannie E. Griggs, of sound mind and could she rescind, ratify or make a valid contract at the times she did, and how has this proposition been considered by our court? The answer to this proposition is decisive of the case.

In 14 R. C. L. 587, sec. 42, it is said: "It is well settled that the party who is sane is estopped to set up the objection that the other party is insane for the purpose of avoiding the contract. The right to avoid is for the protection of the insane person, and those who deal with him have no corresponding right." This proposition is in *Lincoln v. Buckmaster*, 32 Vt. 652; *Lindsey v. Lindsey*, 50 Ill. 79, 99 Am. Dec. 489, and note; *Hill v. Nash*, 41 Me. 585, 66 Am. Dec. 266, and note; *Jackson v. King*, 4 Cow. (N. Y.) 207, 15 Am. Dec. 354, and note.

The evidence as to Fannie E. Griggs' insanity at the time of these transactions is overwhelming and was known and acted upon to some extent by defendant company's agents and salesmen. At least they took advantage of her condition and ignorance in transacting business.

The jury, under ample and abundant evidence on insanity and fraud, found the verdict for plaintiff and

there is no error on the part of the trial court that is sufficient or material in any way to reverse that finding. Fraud and misrepresentation having been passed upon by the jury when the same was duly submitted to them, and their investigation in that regard having been thorough, and justice having been done in all respects, this verdict as found by the jury is for affirmance.

· Affirmed.