FEDERAL LAND BANK OF OMAHA, APPELLEE, V. ERNEST G.
PRICE ET AL.: ELLA G. WOOD, APPELLANT.
288 N. W. 548

FILED NOVEMBER 24, 1939.   No. 30705.

*D. R. Mounts* and *C. Norman Gonderinger*, for appellant.

*Franklin L. Pierce, Philip M. Wellman* and *W. J. Hammond*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

PAINE, J.

This is an appeal in a mortgage foreclosure from an order denying a motion to set aside the confirmation of a sheriff's sale and to be given leave to present a second time objections to the sheriff's sale.

The Federal Land Bank of Omaha was granted a decree of foreclosure on April 25, 1936. On March 15, 1937, the sheriff of Holt county held a sale of said land and sold the same to the plaintiff for $3,063.90. The total costs amounted to $118.04, leaving $2,945.86 to be applied upon the note and mortgage, which left a deficiency of $140.50.

On March 3, 1938, the cause came on upon motion to confirm the sheriff's sale. The court, having examined all of the proceedings, confirmed the sale, subject to the following conditions: (a) That defendants shall have until February 1, 1939, to redeem from the decree; (b) that if redemption is not made before said date, sheriff's deed shall issue; (c) that the defendant Ella G. Wood shall be continued in the possession and occupancy of the real estate until March 1, 1939, and shall pay as rental $350 to the clerk of the court, which cash rental shall be applied as provided therein. It was further ordered that the defendant

should not plant any crop which shall mature after March 1, 1939, and shall protect all buildings and improvements, and shall not cut any of the trees or timber growing on said premises, or permit any waste upon said premises. It is further ordered that a writ of assistance shall issue after March 1, 1939, to place the purchaser in possession of the premises in case redemption is not made as provided.

On January 31, 1939, nearly eleven months after confirmation, the said defendant Ella G. Wood filed objections to the confirmation on the ground that the sale was not held as provided by law; that the bid was wholly insufficient, and that a subsequent sale will bring a substantially greater amount; that the fair and reasonable value is greatly in excess of the amount bid at the sale.

On February 4, 1939, said matter came on for hearing upon motion and objections to confirmation of the defendant Ella G. Wood. Said defendant requested leave to introduce evidence in support of her objections to the confirmation of sale, and the court denied such request.

The court finds that no redemption has been made as provided by the order of March 3, 1938, and that said sheriff's sale should be finally confirmed and the sheriff ordered to execute and deliver to the purchaser a deed to the premises, to which the defendant Ella G. Wood excepts.

All objections and motions of defendant being overruled, the sheriff's sale was approved and confirmed, and the sheriff was directed to execute deed to purchaser, to which order defendant Ella G. Wood excepts. Thereupon, the supersedeas bond was fixed in the sum of $500, to be conditioned that Ella G. Wood, defendant, prosecute her appeal without delay, and will not during the pendency of the appeal commit any waste upon said real estate, will pay all costs and all rents and damages which may accrue during the pendency of said appeal, and if said Ella G. Wood, defendant, shall execute a bond, then no writ of assistance shall issue. On February 16, 1939, Ella G. Wood and the Massachusetts Bonding and Insurance Company, as surety, furnished a bond in the sum of $500.

The defendant Ella G. Wood sets out as errors for a reversal hereof: (1) The court erred in entering an interlocutory order of confirmation on the 3d day of March, 1938; (2) the court erred in denying defendant's motion which was filed January 31, 1939, to set aside the order of March 3, 1938; (3) the court erred in refusing to fix a date for hearing on objections to the confirmation of the sale; (4) the court erred in refusing the defendant's request to be permitted to introduce evidence in support of the objections to the confirmation of sale.

The above and foregoing is a synopsis of the transcript as filed by the defendant in this court on April 22, 1939. Thereafter the Federal Land Bank of Omaha, plaintiff, moved the court to file an additional transcript for the reason that certain pleadings were not included in the transcript as filed by the defendant.

On June 13, 1939, a stipulation was signed by counsel for all parties that an additional transcript may be filed by the plaintiff in this court, which was duly done. This additional transcript is composed of objections to the confirmation of the sale, filed September 2, 1937, by Ella G. Wood, defendant, in which she objected to the confirmation of the sale for the following reasons: First, that said sale was not held and had in the manner and form provided by law; second, that the amount bid at said sale is wholly insufficient, and far below the present value of said real estate; and, third, that a subsequent sale will bring a substantially greater amount, and that the fair and reasonable value of said real estate is greatly in excess of the amount bid at said sale.

Said supplemental transcript also shows that on July 30, 1938, Ella G. Wood, defendant, filed a motion reciting that it was provided in the order of confirmation entered March 3, 1938, that she should pay $300 cash rent on or before August 1, 1938, and that she has been unable to pay the same, and that said premises consist mostly of grazing land, and that she has thereon cattle for pasture, but that the owners thereof will not pay her until the end of the

pasture season, to wit, October 1, 1938, and moves the court that the time of the cash payment of $300, now due according to the confirmation entered March 3, 1938, be extended, and that she have until October 1, 1938, to pay said sum of money, and thereafter, said motion coming on to be heard for an extension of time of payment, the district judge entered an order extending such time of payment until October 1, 1938, and required that she file assignment of such pasture rent for the season of 1938 with the clerk of the district court on or before August 20, 1938.

It thus appears that objections, as herein set out, were duly filed September 2, 1937, to the confirmation of said sale; that on March 3, 1938, the order of confirmation shows that, as the moratorium law has been set aside and held unconstitutional by the court, the order of a continuance thereunder, which was then in force, should be set aside, and the matter being submitted to the court on the objections to confirmation of said sale, and the court having examined all of the proceedings therein, and finding that the sale was held in conformity with law, and the land was sold for its fair value, the sheriff's sale was duly confirmed.

It clearly appears that, after the objections to the confirmation were examined and overruled, and confirmation entered, Ella G. Wood, defendant, took no steps to appeal therefrom, but some months later did file a request and motion for extension of time for the payment of the $300 rent, and an order of the court was made extending said time; that long thereafter Ella G. Wood, on January 31, 1939, filed practically the same objections to confirmation, and asked to have the confirmation set aside because she had had no hearing upon objections to the sale.

In *McKee v. Goodrich*, 84 Neb. 479, 121 N. W. 577, it is held that a plaintiff cannot accept and enforce so much of a judgment as is favorable to him, and recognize the judgment in so far as it is of benefit, and then appeal from the portion of the judgment that is against him.

In *Harte v. Castetter*, 38 Neb. 571, 57 N. W. 381, it is

provided that, if a party accepts the benefit of a decree in his favor, he waives the right to prosecute an appeal, for a party, by voluntarily accepting under a portion of the amount found due him, thereby fully and completely recognizing the validity of the decree, for if he had desired to prosecute his appeal he should not have accepted any portion of the decree.

Under the facts in this case, it appears to the court that the order of confirmation was entered leaving the defendant in possession of the premises for a certain length of time under certain conditions therein set out; that in entering such decree the court had simply overruled the objections to the confirmation, and it does not appear that the defendant had had evidence taken thereon, or had asked leave of court to introduce evidence upon the objections which had been filed on September 2, 1937, and then not only received the benefit of the order of confirmation, and the conditions therein set out, but upon motion secured extension of time for the payment of the rents to remain in possession of the land.

The court having found that the sale was held in conformity with law, the real estate sold for its fair value, and that all of the proceedings were regular and legal, and the defendant having taken no steps to appeal therefrom, it is now too late to ask leave to introduce evidence in support of objections filed long ago, or of the same objections refiled at a later date, and the action of the trial court is affirmed.

AFFIRMED.