FIRST TRUST COMPANY OF LINCOLN, GUARDIAN, APPELLANT, v. MAUD HAMMOND, APPELLEE.

298 N. W. 144

FILED MAY 9, 1941. No. 31006.

*Woods, Aitken & Aitken,* for appellant.

*Beghtol, Foe & Rankin, Walter E. Nolte* and *Boehmer & Boehmer, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

The issues presented by the record in this case and a motion by the appellee to dismiss the appeal have been submitted to this court, but, in this opinion, the only question considered is the propriety of the appeal.

The action was instituted in the district court by filing a petition. It is not necessary to set forth the petition here but only its substance. In the petition it was alleged by plaintiff, appellant herein, that Willard Hammond and Maud Hammond are husband and wife, and that prior to the incidents and occurrences involved in this action Wil-

lard Hammond was possessed of a very considerable amount of property. On September 26, 1938, he was declared incompetent by the county court for Lancaster county, Nebraska, and on the same date the Continental National Bank was appointed guardian of his person and of his estate. On May 17, 1939, through proper proceedings, the First Trust Company of Lincoln became the substituted guardian.

The petition further alleged that prior to the adjudication of incompetency Willard Hammond kept property of substantial value consisting of real estate bonds, certificates of stock, negotiable securities, cash and other personal property, of which he was the sole owner, in certain safety deposit boxes, to which boxes the defendant, appellee herein, had access, and that said defendant refuses to deliver up the keys to such boxes and refuses access thereto to plaintiff; also that there were bank accounts belonging to Willard Hammond, some of which he alone had the right of withdrawal, and some of which he had the joint right of withdrawal with the defendant, knowledge of the location of which accounts the defendant refuses to give to plaintiff.

It is further alleged that plaintiff has demanded that defendant deliver over all of the property of Willard Hammond, which demand was refused.

It is further alleged that on August 6, 1938, Willard Hammond was placed in a sanatorium, and since said date the defendant has received the income from his real estate, the interest on his negotiable securities and the dividends from his stocks, all of which, together with moneys and other property of the said Willard Hammond, she has wrongfully and fraudulently converted to her own use.

The prayer is for injunctive relief, that defendant be declared a constructive trustee of all of the property in question, and that said property be impressed with a trust in favor of plaintiff as guardian, for an accounting and for an order on the defendant to pay to plaintiff all sums found to be due Willard Hammond.

The defendant answered the petition, and in the answer

set forth that she was the wife of Willard Hammond by marriage dated September 1, 1908; that Willard Hammond was declared incompetent on September 26, 1938, and that plaintiff was appointed guardian on May 17, 1939. For further answer defendant denied generally the other allegations of the petition.

On the issues thus presented a trial was had to the court, and a decree entered on April 3, 1940. The plaintiff adduced its evidence but none was offered by the defendant.

To the extent necessary to be set forth here the court, in effect, found that 47 certificates of stock, representing 3,071 shares in various corporations, were the property of Willard Hammond, and decreed that the defendant should deliver the certificates to the clerk of the court within 20 days for the use of plaintiff.

As to the balance of the property the petition of plaintiff was dismissed, and no finding made with regard to it. It may be noted here that the court found no fraud or misrepresentation, and that the portion of the findings and decree which was favorable to plaintiff was based on the proposition that the evidence failed to show a completed transfer of that portion of the property by Willard Hammond to the defendant.

Plaintiff filed its motion for new trial on April 3, 1940, which motion was overruled on April 25, 1940.

On April 4, 1940, the defendant delivered up the certificates which the court found to be the property of Willard Hammond, and they were receipted for by the clerk of the district court and the plaintiff herein by its trust officer.

On April 5, 1940, and 20 days before the ruling on the motion for new trial, plaintiff tendered back to the clerk of the district court the certificates of stock, which tender was refused. Thereupon plaintiff filed an application in the case requesting an order requiring the clerk to accept the tender. The court ruled adversely to the plaintiff on this application at the same time as the motion for new trial was overruled. The tender, to all intents and purposes, appears to have been kept open.

The case was presented to this court on appeal on May 13, 1940, and is predicated, in part, on the order overruling the motion for new trial.

On May 23, 1940, the defendant filed her motion in this court to dismiss plaintiff's appeal and assigns two grounds for dismissal. First, she urges that plaintiff has accepted full payment and satisfaction of that part of the judgment which was in its favor, and therefore cannot now prosecute an appeal from that part which is adverse to it. Second, that subsequent to the decree in the district court, the defendant made application to the county court for an allowance for support and maintenance out of the estate of Willard Hammond, which application was resisted by the plaintiff, not by formal pleading, but in a memorandum filed with the court, on the ground that in the decree of the district court in this case it was found that the larger portion of what had formerly been the property of Willard Hammond had been decreed to be the property of defendant, and that by reason thereof she was not entitled to an allowance. Defendant contends that by this action the plaintiff has forfeited its right to appeal.

At the outset of the discussion it may be well to note that no demand appears to have been made for delivery of the property in question, but that defendant voluntarily complied with the decree and made delivery for the use of the plaintiff in accordance with its provisions. Also, it may be noted that the record does not disclose that the acceptance received the approval of the county court. It appears, on the other hand, that approval of this appeal was had from the county court.

There can be little question that under the authorities, as a general rule, a party who, after appealing from a decree in his favor, voluntarily accepts the benefits or receives the advantage of the decree, is thereby precluded from afterwards prosecuting an appeal. *Harte v. Castetter*, 38 Neb. 571, 57 N. W. 381; *Weston v. Falk*, 66 Neb. 198, 92 N. W. 204; *McKee v. Goodrich*, 84 Neb. 479, 121 N. W. 577; *Thurston v. Travelers Ins. Co.*, 128 Neb. 141, 258 N.

W. 66. Likewise it is the general rule that one may not voluntarily accept payment of that part of a judgment in his favor and afterwards prosecute an appeal from the part which is against him. *Larabee v. Larabee,* 128 Neb. 560, 259 N. W. 520. But these general rules do not take into account those situations wherein the benefits are conceded. The rule of this court in such situations is the following: "The rule is well settled that one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by the reversal of the judgment. * * * It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from." *Weston v. Falk,* 66 Neb. 202, 93 N. W. 131; *Meade Plumbing, Heating & Lighting Co. v. Irwin,* 77 Neb. 385, 109 N. W. 391. This rule has been announced in *Tyler v. Shea,* 4 N. Dak. 377, 61 N. W. 468, and finds support in *Mellen v. Mellen,* 137 N. Y. 606, 33 N. E. 545; *United States v. Dashiel,* 70 U. S. 688; *Embry v. Palmer,* 107 U. S. 3, 2 S. Ct. 25; *Reynes v. Dumont,* 130 U. S. 354, 9 S. Ct. 486, and other decisions not necessary to be cited here.

Could the appeal in this case affect the right of the plaintiff to the benefit which came to it as a result of the acceptance of the property in question? The record presented on the motion to dismiss appears to be a sufficient answer to this question. The pleadings of the defendant asked for no affirmative relief. She rested at the close of plaintiff's evidence and offered no word of testimony which would show to the court that she had any legal or equitable claim upon the property. Then consistently upon entry of decree she surrendered it up. She took no appeal. Clearly, from all that is before the court no controversy remained as to this property. Clearly, under the circumstances, no

possibility existed that this appeal might lead to a result showing that plaintiff was not entitled to what it had received under the decree.

As to the assertion of the decree in this case, as a defense to an application for support and maintenance in the guardianship proceeding in the county court, little need be said. There was no formal or record presentation of the matter, and no record indicating that it was considered by the court in passing upon the application. It was presented merely as argument in a memorandum brief. If it is a matter for consideration here, it must be classified as a judgment used defensively in another action. In that connection the rule is that the use of a judgment defensively in another action will not operate as a waiver of the right of appeal. *Ostrander v. Campbell,* 20 N. Y. St. Rep. 806, 3 N. Y. Supp. 597; *Brewster v. Wooster,* 56 N. Y. St. Rep. 844, 26 N. Y. Supp. 912; *Pittsburgh, Ft. Wayne & Chicago R. Co. v. Swinney,* 91 Ind. 399; *Missouri, K. & T. R. Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Cornell v. Donovan,* 14 Daly (N. Y.) 292, affirmed 109 N. Y. 664, 17 N. E. 869; *Morris v. Butler,* 138 Mo. App. 378, 122 S. W. 377; *Melancon v. Wilson,* 107 La. 628, 31 So. 1029.

The appellant urges, in support of its contention that the motion to dismiss should be overruled, the proposition that, even if a dismissal would be required on account of a similar act in acceptance of benefits where the action was between parties in their individual capacities, such right would not be available here because of the relationship of guardian and ward, and the control of the relationship by the county court. In other words, it urges that the guardian, under the circumstances outlined, is without power to effectively waive or forfeit the right of appeal.

There has been found no decision bearing directly on this point. However, some pertinent and illuminating statements have been found in several of our decisions. *Wirth v. Weigand,* 85 Neb. 115, 122 N. W. 714, which was an action by guardian to set aside and to avoid the effect of a judgment quieting title in Valentine Wirth to real estate,

the title to which had been previously in Bridget A. Wirth and which judgment had been rendered eight years previously, is one such case. It was claimed that the judgment had been procured on perjured testimony and, there being no guardian, the guardian *ad litem* failed to protect the interests of the insane person. In holding the action proper the court said: "It was the duty of the court, as well as of the guardian *ad litem*, to see that the interests of the insane defendant in that suit were fully preserved in every respect." This language is significant in that it makes clear that our courts, in cases where the rights of incompetent wards are concerned, recognize the paramount duty of protection of the rights of an insane ward, and that such rights may not be waived or sacrificed by the unapproved acts of the representative.

In *Hendrix v. Richards*, 57 Neb. 794, 78 N. W. 378, in the first paragraph of the syllabus it is stated: "A transfer of the personal property of a minor by his guardian must be authorized or directed by the proper court of probate." That the right to appeal in this case was a substantial one belonging to the ward, and not the guardian, requires no citations in its support. May that right be sold, waived, bartered, negligently or carelessly lost within the time allowed by law for appeal, without approval of the county court? We think not. To the same effect on the legal proposition stated are *Coe v. Nebraska Building & Investment Co.*, 110 Neb. 322, 193 N. W. 708; *Wilkins v. Deal*, 128 Neb. 78, 257 N. W. 486.

Directly in point in principle is the Indiana case of *Scott v. Dilley*, 53 Ind. App. 100, 101 N. E. 313. There the court said: "We find no express authority in this state upon the subject of the effect of a guardian accepting for his ward the benefit of a judgment rendered in a suit against such ward affecting his real estate, but we are of the opinion that such acceptance by the guardian should not operate to estop the ward from prosecuting an appeal where the suit and judgment was against the ward."

After a full consideration of the motion to dismiss, to-

gether with its surrounding incidents and the status of the parties as disclosed by the record, we are of opinion that such motion should be and it is denied.

MOTION TO DISMISS DENIED.